ARTHUR LOKOS, Plaintiff, *v.* NEW AMSTERDAM CASUALTY Co., Defendant.

Municipal Court of the City of New York, Borough of Manhattan, April 5, 1949.

*Roy M. Cohn* for plaintiff.

*Frederick Mellor* and *Joseph F. Lenihan* for defendant.

McCaffrey, J.   The plaintiff sues to recover medical payments under the contract of insurance herein.   The pertinent part of the said contract is as follows:   " To pay to or for each person who sustains bodily injury, caused by accident, while in or upon, entering or alighting from (1) the automobile, if the injury arises out of a use thereof which is insured for bodily injury liability and is by or with the permission of the named insured."   On October 14, 1947, plaintiff, accompanied by his father and mother, was driving his father's car from a place at or about 42nd Street in the Borough of Manhattan to his home at 96th Street.   He was proceeding north on the West Side Highway.   In the proximity of 77th Street he heard a sound coming from the front of the car.   He stopped the car at the side of the highway, alighted therefrom, and went to the front of the car.   His bumper had fallen to the pavement and was hanging on one side.   In the act of tying the bumper so that he could proceed on his journey and while he was leaning over the car with the bumper in his hands, he sustained the injuries for which the claim herein is made.

The sole question presented for determination is:  Did the plaintiff's injuries arise out of the use of the automobile while he was upon it?   All other conditions precedent to his right to recover the full amount of medical payments under the policy herein have been conceded to exist.   Thus it becomes necessary to fix the meaning of the words " upon " and " use " as employed in the part of the contract under consideration.   It would seem within the fair import of the term " use " to say that it included the act of necessary repair to the automobile by plaintiff, performed for the purpose of making possible a com-

pletion of the journey. While the repair of a part of an automobile is ordinarily an act of maintenance, the circumstances under which the repair was being made in the instant case bring the act within the scope of the meaning of use. These circumstances include an emergency stop on a highway, an immediate and necessary repair of a part of the automobile, and an intention to proceed with the automobile to the point of destination when the condition which caused the stop had been removed.

An examination of the word " upon " in the particular context in which it is found indicates its meaning is related to the idea of use of the automobile. Such meaning is exclusive of other risks intended to be covered by the words " entering " and " alighting," during the course of which acts a person could be said to be upon the automobile. Can it be said that the insurer attached to the word " upon " a meaning so narrow as to encompass only such cases in which the entire weight of a person's body was resting upon or supported by the vehicle? Considering the usual positions of a person in relation to a car in use and the fact that other enumerated risks include acts of being upon the automobile in the sense of resting upon or being supported by it, it is reasonable to give the term a broader meaning including some acts in which the person is in contact with the car. This is not to say that mere contact is sufficient; the facts in this case go beyond that. It would not be uncommon of speech to say that plaintiff had his hands upon the bumper of the car at the moment of the accident. Counsel for both parties rely upon the definitions set out in the standard dictionaries as a source of assistance in the interpretation of the language being considered. Such authority is of value as a guide to the true meaning of a word in a particular context. It is one aid to be considered with the context in the determination of the ultimate question of intention. In this instance examination and analysis reveal a sensible, contextual meaning which includes and is applicable to the present factual situation.

It is not necessary to seek the assistance of a liberal construction to support the conclusion that plaintiff's injuries arose out of the use of the automobile while he was upon it. The particular language of the policy is ambiguous in that it admits of more than one meaning. The doubt is resolved by a reading of the language in its entirety. There would appear to be a want of authority in New York in relation to the question in issue. In *Madden* v. *Farm Bur. Mut. Automobile Ins. Co.* (82 Ohio App. 111), the Ohio court construed a medical

expense provision of a standard automobile policy in which the pertinent language was similar. In discussing the limitation of coverage under the policy the court appeared to go beyond the point of actual physical contact with the automobile in the course of its use.

For the reasons heretofore stated, the plaintiff is entitled to judgment against the defendant in amount of $500 with interest thereon. The clerk of the court is directed to enter judgment accordingly.