Mario Pittoni, J.
After hearing the testimony herein, I find that the claimant was actually in contact with his car when the hit and run vehicle smashed into the claimant’s vehicle, knocked him down and injured him. Thus, he may not have been “ in ” the vehicle at the time of impact, but he was “ upon ” it. Be that as it may, it does not seem within the declaration of purpose of the Motor Vehicle Accident Indemnification Corporation Law to exclude him, under these facts, from the statute’s protection. (Insurance Law, § 600). The claimant had been an occupant of his vehicle just prior to the impact and he intended to and would have continued as occupant but for the wrongful impact. His alighting from his vehicle for the purpose of releasing his vehicle which had skidded off the road and into high snow did not take him out of the category of “ occupant ”. It is inconceivable that this short, temporary, enforced break in the occupancy of his vehicle for the express purpose of continuing his occupancy should take these facts out of the protection intended by the Legislature. The provisions of the MVAIC Law (Insur *1030 anee Law, §§ 600, 617) should be construed according to the fair import of their terms, to promote justice and effect the objects of the law.
Incidentally, I am not impressed by any discrepancy between the claimant’s oral testimony and his signed statement or by the omission of some of the facts that he testified to from the signed statement. The claimant is of foreign birth with a limited command of the English language and the statement was prepared by and written up in the handwriting of a representative of the MVAIC, the very party contesting this claim.
In short, I find that the claimant was “ occupying ” his vehicle at the time it was struck by an unidentified hit and run driver.