LUMBERMEN'S MUTUAL CASUALTY Co., Plaintiff-Appellant, *v.* JO CAROL NORRIS *et al.,* Defendants-Appellees.

(No. 72-304;

Fifth District—October 12, 1973.

Glenn E. Moore, of Craig & Craig, of Mt. Vernon, for appellant.

James B. Bleyer, of Marion, for appellee American States Insurance Co.

Mr. JUSTICE JONES delivered the opinion of the court:

The plaintiff, Lumbermen's Mutual Casualty Company, appeals from a judgment in favor of the defendant, American States Insurance Company, in a declaratory judgment action. The question is whether the defendant company's policy provided coverage for the codefendant.

The codefendant, Jo Carol Norris, had ridden with Lawrence Blumenstock to a place on a gravel surface mine road north of Marion. A number of young people had parked automobiles on the road and were sitting and standing around talking. Jo Carol Norris was sitting on the right front fender of the Blumenstock automobile talking to another young man when another of the group, Simmons, drove his automobile down to a crossroad, turned around, and came by the parked automobiles at a high rate of speed. At least three cars were parked along the south side of the gravel road; two facing east and the Blumenstock car facing west. The Simmons vehicle struck one of the parked cars two cars to the rear of the Blumenstock car. Jo Carol Norris started getting off the fender of the Blumenstock car to get out of the way, holding on to the rearview mirror. She was at the side of the Blumenstock automobile and took approximately two steps, evidently proceeding to the front of the Blumenstock automobile, when she was struck in the buttocks by the Simmons car and thrown over the Blumenstock car. She had not reached the front of the Blumenstock car, which she might have been touching or grasping to throw herself around. She was close enough to have her hand on the Blumenstock car; she was trying to stay as close as she could to the Blumenstock car. The Blumenstock car was struck by the Simmons car. The right back fender was hit, the front door handle torn off, the rearview mirror torn off, and the front fender scratched. From the time of the collision with the first car until the collision with Miss Norris a few seconds elapsed.

The plaintiff, Lumbermen's had a policy providing uninsured motorists coverage to Miss Norris, and the American States Insurance Company had a policy of insurance on the Blumenstock car which included uninsured motorists coverage. The American States policy provided coverage to the "insured." The insured was defined to mean, in addition to the named insured, "any other person while occupying an insured automobile." The word occupying was defined as follows: "occupying means in or upon or entering into or alighting from." Under the facts, therefore,

the question is whether Jo Carol Norris was upon or alighting from the Blumenstock automobile. The finding of the trial court was that Jo Carol Norris was not occupying the automobile of Lawrence Blumenstock within the meaning of the American States policy. There is no conflict as to the evidence in any substantial particular.

■■ The question has become one of application of the law to the facts. In this particular, we are materially aided by the case of *Wolf v. American Casualty Co.*, 2 Ill.App.2d 124, 118 N.E.2d 777. That case, although involving the medical payments provision of the policy, was concerned with the question of whether the plaintiff's injury was caused by accident which occurred while "in or upon, entering or alighting from, the automobile." In that case as well as the instant one, it was contended that the provisions of the policy were ambiguous or equivocal. The court was asked to apply the rule set forth in *Mosby v. Mutual Life Insurance Co. of N.Y.*, 405 Ill. 599, 92 N.E.2d 103 as follows:

"Ambiguous provisions or equivocal expressions whereby an insurer seeks to limit its liability will be construed most strongly against the insurer and liberally in favor of the insured. *Lenkutis v. New York Life Ins. Co.*, 374 Ill. 136, 28 N.E.2d 86."

In the *Wolf* case, it was said: "The words themselves are simple, common everyday words, but the variety of situations which they define is broad. Sometimes it will appear clear, and at other times doubtful whether a particular set of circumstances is within the meaning of the provision." Factually, it appeared that the plaintiff was standing two or three feet in front of his car reaching for a pencil to write down his license number. After he was out of his car for two or three minutes he was hit by his car which had been knocked forward when struck by a rear end collision of another car. The court found an ambiguity existed with respect to the word "upon" and therefore invoked the rule applicable in case of ambiguity to construe the policy against the insurer and in favor of the insured.

An almost identical situation occurred in *Katz v. Ocean Accident & Guarantee Corp.* (1952), 202 Misc. 745, 112 N.Y.S.2d 737. There the plaintiff was locking her car door after alighting. She ran between the rear of her car and the front of another and was crushed when the car she had observed approaching hit her car. The court held that the injuries were occasioned while in the act of being upon and alighting from the car.

■■ With respect to the circumstances involved here, we consider that an ambiguity exists with respect to the words "upon" and "alighting." It is not necessary for us to determine as a matter of law that the defendant was "upon or alighting." It is sufficient if the provisions are ambiguous

or equivocal, then the construction most strongly against the insurer would be imposed when applied to circumstances. It would appear that an ambiguity exists with respect to the precise meaning of the word "alighting." Under the circumstances, we cannot say that the alighting had been completed, but rather in light of the ambiguity, liability must be construed most strongly against the insurer and liberally in favor of the insured. Under this rule, the defendant, Jo Carol Norris was "alighting" from the vehicle of Lawrence Blumenstock, and according to the definition of "occupying" was occupying his automobile within the meaning of the American States policy. The policy of American States, therefore, affords coverage to Jo Carol Norris, and the order staying the arbitration proceedings filed by Jo Carol Norris against American States Insurance Company is reversed.

██ The appellant contends that under the "other insurance" provisions contained in the uninsured motorists provisions of both policies, the policy on the automobile the injured person was occupying at the time of the injury affords coverage and the policy on the injured person's own automobile does not, where the limits of the liability in the two policies are the same. This position is not contradicted by appellee. Therefore, the American States Insurance Company policy is deemed to provide coverage in accordance with the foregoing and the Lumbermen's Mutual Casualty Company policy is deemed to provide no uninsured motorists coverage to Jo Carol Norris.

Reversed.

G. MORAN and EBERSPACHER, JJ., concur.