334 So.2d 148 (1976)
INDUSTRIAL FIRE AND CASUALTY INSURANCE COMPANY, Appellant,
v.
William COLLIER, Appellee.
No. 75-1153.
District Court of Appeal of Florida, Third District.
June 15, 1976.
Rehearing Denied July 9, 1976.
*149 Hawksworth & Schmick and Richard L. Wassenberg, Miami, for appellant.
George P. Telepas, Miami, and John M. Parker, Coral Gables, for appellee.
Before BARKDULL, C.J., HENDRY, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Appellant, defendant below, appeals a final judgment entered by the trial court, after a nonjury trial on the issue of damages, subsequent to the granting of appellee's, plaintiff below, motion for summary judgment on the issue of liability.
Appellee owned two automobiles, a 1967 Volkswagen and a 1974 Chevrolet. Only one of the cars, the Chevrolet, was insured under an automobile insurance policy issued by appellant to appellee.
On October 3, 1974, appellee was driving the Volkswagen home from work and one of the tires became flat. During the time he was changing the tire, his car was struck by another automobile which caused the Volkswagen to strike and injure him. At the time appellee was injured, he was standing outside the Volkswagen, with it jacked up, removing the spare tire from it. Subsequently, appellee filed a complaint seeking personal injury protection benefits under the insurance policy on the Chevrolet.
Thereafter, appellant, upon learning of the circumstances surrounding the accident, denied coverage under its policy with appellee. In denying coverage, appellant relied upon a section of the policy dealing with exclusions which stated that the policy did not provide personal injury protection benefits to the named insured, i.e., appellee, while occupying a motor vehicle of which he was the owner and which was not the insured motor vehicle under the policy. This exclusion is authorized by § 627.736 (2), Fla. Stat., 18A F.S.A.
After the parties completed discovery, both appellant and appellee moved for summary judgment on the issue of liability under the policy. After argument, the trial court granted appellee's motion. Subsequently, the issue of damages was tried nonjury and the trial court entered a final judgment, pursuant to its order of summary judgment, awarding $3,000 in benefits to appellee. From this final judgment, appellant appeals.
The basic point raised on appeal is whether or not the trial court properly entered summary judgment in favor of appellee by finding that, even in light of the exclusion in the policy, appellant was liable to appellee under the terms of the policy. The policy exclusion provision in regard to personal injury protection benefits provided that the policy did not apply to appellee while occupying a motor vehicle of which he was the owner and which was not an insured motor vehicle under the policy. Further, the policy defined the word "occupying" to mean "in or upon, or entering into, or alighting from a motor *150 vehicle." Thus, whether the trial court properly granted appellee's motion for summary judgment, based on the facts of this case, depends upon whether or not appellee was "occupying" or not "occupying" the Volkswagen at the time of the accident.
We are unable to locate any Florida cases considering the definition of "occupying" a motor vehicle as raised in the context of this case. However, after a reading of the Automobile Reparations Reform Act, § 627.730, et seq., Fla. Stat., 18A F.S.A., in light of its history, and after considering the several cases from other states defining the word "occupying" as used in automobile insurance policies, we are of the opinion that, based on the facts of this case, appellee was "occupying" the Volkswagen at the time he was injured. Therefore, appellee fell within the provision of the policy excluding him from coverage. See, e.g., Collins v. Motorists Mutual Insurance Company, 36 Mich. App. 424, 194 N.W.2d 148 (1971); Hart v. Traders and General Insurance Company, 487 S.W.2d 415 (Civ. App.Texas 1972); Lokos v. New Amsterdam Casualty Company, 197 Misc. 40, 93 N.Y.S. 825 (1949); Lumbermen's Mutual Casualty Company v. Norris, 15 Ill. App.3d 95, 303 N.E.2d 505 (1973); Motor Vehicle Accident Indemnification Corporation v. Oppedisano, 41 Misc.2d 1029, 246 N.Y.S.2d 879 (1964); United Farm Bureau Mutual Insurance Company v. Pierce, 152 Ind. App. 387, 283 N.E.2d 788 (1972); and Wolf v. American Casualty Company of Reading, Pennsylvania, 2 Ill. App.2d 124, 118 N.E.2d 777 (1954). Thus, the trial court erred in granting appellee's motion for summary judgment, because, based upon the policy exclusion, it should have granted appellant's motion for summary judgment finding that no liability existed under the policy.
We have considered the record, all points in the briefs, and arguments of counsel, and have concluded that reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the final judgment is reversed with directions to the trial court to enter summary judgment in favor of appellant on the issue of liability.
Reversed and remanded with directions.