372 So.2d 1147 (1979)
STONEWALL INSURANCE COMPANY, Appellant,
v.
Todd T. WOLFE, a Minor, by and through His Natural Father, Guardian and Next Friend, Gerald Wolfe, and Gerald Wolfe, Individually, Appellees.
No. 77-1589.
District Court of Appeal of Florida, Fourth District.
June 29, 1979.
Rehearing Denied August 2, 1979.
Allan L. Hoffman, West Palm Beach, for appellant.
Larry Klein and Stuart E. Kocha, West Palm Beach, for appellees.
*1148 MOORE, Judge.
This case involves the application of personal injury protection (PIP) benefits pursuant to an automobile liability insurance policy. The trial court granted summary judgment on the issue of liability for the appellees.
Several boys had been on an overnight camping trip. One of them drove an automobile while the others (one was carrying a gun) rode on the back of the trunk. When the automobile turned a corner the boy carrying the gun fell from the vehicle, rolled in the grass, got up, and then proceeded walking down the roadway toward the vehicle. While so walking he fell to one knee and the gun was accidentally discharged in the direction of the automobile, striking the minor plaintiff in the eye. Claim was made for PIP benefits under the policy covering the minor plaintiff's father's vehicle. The sole question on this appeal is whether the loss sustained arose out of the ownership, maintenance, or use of a motor vehicle. Section 627.736(1), Florida Statutes (1977).
Appellees attempt to sustain the summary judgment on the basis of Section 627.736(4)(d) 1 & 3 which require payment of PIP benefits by the insurer for accidental bodily injury sustained by the owner (or a relative of the owner residing in the same household) while occupying a motor vehicle. Thus, it is appellees' position that mere occupancy of a motor vehicle is all that the statute necessitates in order to activate the insurer's liability for PIP benefits. We reject this reasoning. Subsections (4)(d) 1 & 3 merely provide the circumstances under which an insurer's liability arises and these sections must be read in pari materia with subsection (1) which, in our opinion, is the definition section of the statute and provides us with the intent of the Legislature. There, in requiring and describing personal injury protection benefits, the Legislature makes specific reference to subsection (4)(d) and clearly requires payment "for loss sustained by any such person as a result of bodily injury, sickness, disease, or death arising out of the ownership, maintenance, or use of a motor vehicle ..." (Emphasis added).
Under appellees' reasoning the mere occupancy of an automobile would give rise to liability for benefits, whether or not there is a causal connection between the occupancy and the injury. This case is controlled by our opinion in General Acc. Fire and Life, etc. v. Appleton, 355 So.2d 1261 (Fla.4th DCA 1978) wherein this court concluded "that it is not enough that an automobile be the physical situs of an injury or that the injury occur incidentally to the use of an automobile, but that there must be a causal connection or relation between the two for liability to exist." Although the Appleton case dealt with uninsured motorist coverage the identical language is used in the statute under consideration here. Unlike Leatherby Insurance Co. v. Willoughby, 315 So.2d 553 (Fla.2d DCA 1975) which involved an intentional striking of the plaintiff with a vehicle, we are dealing here with a stray bullet, the projection of which had no relationship to the automobile. The use of the automobile by the boy who fell from it had ceased at the time of this tragic accident. He was merely walking in the grass toward the automobile from which he had fallen when he stumbled in the grass, accidentally discharging the gun he was then carrying. The location of the victim, seated on the trunk of the automobile, is merely the physical situs of the injury. He could just as easily have been standing on the shoulder of the road when the gun was accidentally discharged. The fact that the automobile transported him there does not give rise to liability. We therefore fail to find any causal connection between the use of the automobile and the injury which was sustained. This answers appellees' second point.
The facts herein are more closely akin to Feltner v. Hartford Accident and Indemnity Co., 336 So.2d 142 (Fla.2d DCA 1976) where the victim, while sitting in an automobile, was intentionally battered by his assailant. It was there held that notwithstanding the use of the vehicle in transporting the assailant's daughter there was insufficient *1149 causal connection between the use of the automobile and the attack. Although the issue was not considered by the court in its opinion the court impliedly rejected the concept that the mere occupancy of the vehicle would give rise to liability. Rather, the court stated that the injury was not caused by an accident arising out of the ownership, maintenance or use of the motor vehicle.
The summary judgment on the issue of liability in favor of the appellees is reversed and this cause remanded with instructions to enter summary judgment for the appellant.
REVERSED and REMANDED.
CROSS and LETTS, JJ., concur.