384 So.2d 1350 (1980)
UNITED STATES FIDELITY & GUARANTY COMPANY, Appellant,
v.
John H. DALY and Douglas Daly, Appellees.
No. 79-66.
District Court of Appeal of Florida, Fourth District.
July 2, 1980.
William R. Hussey, Fort Lauderdale, for appellant.
Don Lacy and Philip S. Anderson, Fort Lauderdale, co-counsel for appellees.
GLICKSTEIN, Judge.
This is a timely appeal from a final judgment awarding personal injury protection benefits under the Florida Automobile Reparations Reform Act, Sections 627.730-627.741, Florida Statutes (1977). We affirm.
The record discloses that on September 23, 1977, John H. Daly was insured by United States Fidelity & Guaranty Company. The insurance policy provided personal injury protection benefits for the named insured's relatives who resided in the same household, including Mr. Daly's son, Douglas.
On the date in question Douglas was a passenger in a pickup truck owned by Clement's Pest Control. The truck was not primarily used in Mr. Daly's business and at the time of Douglas' injury, was being used to transport a mattress and other furnishings from one location to another. Douglas was in the back of the truck holding down the mattress. As the truck picked up speed, the wind velocity accelerated and Douglas and the mattress were lifted by the wind out of the truck onto the roadway. Douglas was injured as a result of his body coming into contact with the surface of the roadway.
Sections 627.736(1) and 627.736(4)(d)(1) and (3), Florida Statutes (1977), govern the disposition of this appeal. The former Section provides for the payment of personal injury protection benefits for bodily injury "arising out of the ownership, maintenance or use of a motor vehicle." The latter provides benefits if one is injured "while occupying a motor vehicle" or "if the injury is caused by physical contact with a motor vehicle." We have previously held that Sections 627.736(4)(d)(1) and (3) must be read in conjunction with Section 627.736(1). Stonewall Insurance Company v. Wolfe, 372 So.2d 1147 (Fla. 4th DCA 1979).
There is no question that the injury arose out of the use of the pickup truck, *1351 which was being used for the specific purpose of transporting the mattress and other items. The causal connection here was the same as that in National Indemnity Co. v. Corbo, 248 So.2d 238 (Fla. 3d DCA 1971), where the plaintiff, while a passenger, was bitten by a watchdog being transported from a residence to a place of business.
The next issue to be considered is the applicability of Sections 627.736(4)(d)(1) and (3), Florida Statutes. While there is no evidence that the injury was caused by physical contact with a motor vehicle, we find that Douglas was "occupying" the pickup truck when he was injured. It is our opinion that when one is occupying a vehicle at the moment there is an accidental, involuntary ejection therefrom, the occupancy should be extended to include injuries incurred by reason of the ejection. That is precisely what occurred.
While we are unable to cite any prior decision which is directly in point with our view of "occupying," there is ample authority for extending occupancy beyond physical presence in the vehicle in voluntary self-removal or alighting cases. Industrial Fire and Casualty Insurance Company v. Collier, 334 So.2d 148 (Fla. 3d DCA 1976); Nickerson v. Citizens Mutual Insurance Co., 393 Mich. 324, 224 N.W.2d 896 (1975); Stoddard v. "Aid" Insurance Co. (Mutual), 97 Idaho 508, 547 P.2d 1113 (1976); Nelson v. Iowa Mutual Insurance Company, 163 Mont. 82, 515 P.2d 362 (1973); Whitmire v. Nationwide Mutual Insurance Company, 254 S.C. 184, 174 S.E.2d 391 (1970). See also, Annot., 42 A.L.R.3d 501 (1972); 19 A.L.R.2d 513 (1951).
It seems to be an illogical interpretation of Sections 627.736(4)(d)(1) and (3) to afford the protection of occupancy to one who is alighting but has left the vehicle and to deny it to another whose ejection from the vehicle has been involuntary and accidental.
AFFIRMED.
LETTS, C.J., and HURLEY, J., concur.