446 So.2d 1121 (1984)
John ASNIP, Appellant,
v.
HARTFORD ACCIDENT & INDEMNITY COMPANY, a Foreign Corporation, Appellee.
No. 83-1502.
District Court of Appeal of Florida, Third District.
February 28, 1984.
Rehearing Denied April 4, 1984.
*1122 Bunnell, Denman & Woulfe and Melanie G. May, Frank & Flaster, Fort Lauderdale, for appellant.
Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane and Shelley H. Leinicke, Miami, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and BASKIN, JJ.
SCHWARTZ, Chief Judge.
Asnip was driving a non-owned Ford insured by Hartford, following a vehicle driven by Johnson, when Johnson's car broke down and he pulled to the side of the road. Asnip parked behind him. Johnson checked under his hood and then walked back to Asnip's car. Asnip got out of his vehicle and was leaning against it talking to Johnson when he was struck and injured by a hit-and-run motorist. The trial court entered a declaratory judgment that Hartford's policy did not provide uninsured motorist or personal injury protection coverage on the ground that Asnip was not "occupying" the vehicle when he was struck. We reverse upon the completely opposite conclusion that, as a matter of law, he was.
The policy definition of an "insured" entitled to UM and p.i.p. coverage includes "[a]nyone ... occupying a covered auto." The term, "occupying," is, in turn, defined as "in, upon, getting in, on, out or off" a vehicle. Particularly applying, as required, the most expansive definition of the expression reasonably possible to achieve coverage, M.E. Charlesworth, Ltd. v. Perez, 426 So.2d 1107 (Fla. 3d DCA 1983)  in fact, without the aid of this tool of construction  it seems clear that Asnip was, at the least, "upon" the car and was therefore "occupying" it when the accident occurred. The well-reasoned decision in Nickerson v. Citizens Mutual Ins. Co., 393 Mich. 324, 224 N.W.2d 896 (1975) so holds on facts which closely resemble but which, if anything, are more attenuated than these because the putative insured, who had exited a stalled vehicle, was, unlike Asnip, not in physical contact with it at the time of the accident. Indeed, when contact exists, the cases invariably hold that that fact is alone sufficient to render the claimant an occupant. Motor Vehicle Accident Indemnification Corp. v. Oppedisano, 41 Misc.2d 1029, 246 N.Y.S.2d 879 (Sup.Ct. 1964) (person pushing vehicle off the road held to be an occupant); Lumberman's Mutual Casualty Co. v. Norris, 15 Ill. App.3d 95, 303 N.E.2d 505 (1973) (person standing at the side of the car holding onto the side view mirror held to be an occupant); see also Manning v. Summit Home Insurance Co., 128 Ariz. 79, 623 P.2d 1235, 1238 (1980); Lokos v. New Amsterdam Casualty Co., 197 Misc. 40, 93 N.Y.S.2d 825 (Mun.Ct. 1949), aff'd, 197 Misc. 43, 96 N.Y.S.2d 153 (Sup.Ct. 1950) (person standing behind vehicle held to be "occupying" it).
The present conclusion is mandated also by Industrial Fire & Casualty Co. v. Collier, 334 So.2d 148 (Fla. 3d DCA 1976), cert. denied, 341 So.2d 1080 (Fla. 1976) in which this court held that an individual changing a tire on a vehicle was "occupying" it even under a policy exclusion which, in contrast to coverage, must be narrowly construed. On the other hand, Fidelity & Casualty Co. of New York v. Garcia, 368 So.2d 1313 (Fla. 3d DCA 1979), cert. denied, 378 So.2d 344 (Fla. 1979) upon which the trial court and Hartford have heavily relied, is not on point. Garcia held only that a passenger who had gotten out of a truck and walked to and across its front in the direction of her home was no longer *1123 "alighting from" it for coverage purposes. The line of cases which is also cited by the appellee and which is exemplified by Reynolds v. Allstate Ins. Co., 400 So.2d 496 (Fla. 5th DCA 1981), Novak v. Government Employees Ins. Co., 424 So.2d 178 (Fla. 4th DCA 1983); and Stonewall Ins. Co. v. Wolfe, 372 So.2d 1147 (Fla. 4th DCA 1979), cert. denied, 385 So.2d 762 (Fla. 1980), is even more inapposite. These decisions do not concern the present issue of the insured status of a given claimant, but rather the totally distinct one of whether a particular accident arises from the "ownership, maintenance, or use" of a liability-insured vehicle, or its functional equivalent, the one driven by an uninsured motorist. See Brown v. Progressive Mutual Ins. Co., 249 So.2d 429 (Fla. 1971). Here, there is no doubt that Asnip was hurt by the "use" of the phantom, hit-and-run car.
For these reasons, the judgment below is reversed for further proceedings consistent herewith, including consideration of Hartford's remaining policy defense.
Reversed.