450 So.2d 864 (1984)
PROTECTIVE CASUALTY INSURANCE COMPANY, Appellant,
v.
Jorge HERNANDEZ, Appellee.
No. 84-193.
District Court of Appeal of Florida, Third District.
May 1, 1984.
Rehearing Denied June 19, 1984.
*865 Kimbrell, Hamann, Jennings, Womack, Carlson & Kniskern and A.H. Toothman and John Wylie, Miami, for appellant.
Stephen Cahen, Miami, for appellee.
Before HUBBART, FERGUSON and JORGENSON, JJ.
FERGUSON, Judge.
This appeal is from a judgment on the pleadings in an action to determine coverage under the personal injury protection provisions of an automobile insurance policy. The trial court determined that plaintiff was entitled to benefits because he sustained bodily injury arising out of the ownership, maintenance, or use of a motor vehicle. We reverse.
The facts are not disputed. Plaintiff was apprehended by police officers at a traffic signal for a traffic infraction. After his automobile had come to a complete stop he was forcibly removed from the vehicle, then frisked and handcuffed. The injuries were caused by the arresting officers.
Appellee defends the judgment on the grounds that the injury need only grow out of, have its origin in, or flow from the use of a motor vehicle and that there is no requirement that an automobile be the instrumentality of the injury, relying on Novak v. Government Employees Insurance Co., 424 So.2d 178 (Fla. 4th DCA 1983), and Asnip v. Hartford Accident & Indemnity Co., 446 So.2d 1121 (Fla. 3d DCA 1984). In Novak the court held that there was coverage where an automobile operator was shot by a stranger after the operator refused to give the stranger a ride. Novak is probably indistinguishable but we choose not to follow it because, in our opinion, it is contrary to, and irreconcilable with, the statute and the following cases which have construed the statute. Second, Asnip is factually dissimilar because there the plaintiff's injuries were found to have been undoubtedly caused by a hit and run vehicle.
A similar case that was correctly decided is Reynolds v. Allstate Insurance Co., 400 So.2d 496 (Fla. 5th DCA 1981) in which no coverage was found where plaintiff suffered injury when an assailant physically heaved him from his parked car or carried him some distance from the vehicle, then violently threw him down. Reynolds, in support of its holding that a cause and effect relationship is required, relied upon Stonewall Insurance Co. v. Wolfe, 372 So.2d 1147 (Fla. 4th DCA 1979), cert. denied, 385 So.2d 762 (Fla. 1980), which stated:
[I]t is not enough that an automobile be the physical situs of an injury or that the injury occur incidentally to the use of an automobile, but that there must be a causal connection or relation between the two for liability to exist. 372 So.2d at 1148 (quoting General Accident Fire and Life Assurance Corp. Ltd. v. Appleton, 355 So.2d 1261, 1263 (Fla. 4th DCA), cert. denied, 361 So.2d 830 (Fla. 1978)).
The Florida Supreme Court in Lumbermens Mutual Casualty Co. v. Castagna, 368 So.2d 348, 350 (Fla. 1979), quoted with approval similar language from a decision of this court, Royal Indemnity Co. v. Government Employees Insurance Co., 307 So.2d 458, 460 (Fla. 3d DCA 1975):
While the no-fault law was intended to remedy the concept of fault in automobile negligence cases, we do not think that tort concepts of causation were intended to be entirely abandoned. We think that by inserting the word "caused" in the statue [§ 627.736(4)(d)1, Fla. Stat. (1983)],[1] the legislature plainly *866 intended that it would be a factor to be considered.
Plaintiff's injury was caused solely by the force exercised by police officers in effecting an arrest, and did not arise out of the ownership, maintenance, or use of a motor vehicle. It is not foreseeable that in the ordinary course of using a motor vehicle, an operator will suffer injury by arrest for violation of traffic laws.
Reversed and remanded with instructions to enter judgment for appellant.
NOTES
[1] Section 627.736, Florida Statutes (1983) provides in part:

(1) REQUIRED BENEFITS. 
Every insurance policy complying with the security requirements of s. 627.733 shall provide personal injury protection to the named insured ... to a limit of $10,000 for loss sustained by any such person as a result of bodily injury, sickness, disease, or death arising out of the ownership, maintenance, or use of a motor vehicle. ... [e.s.]
* * * * * *
(4) BENEFITS; WHEN DUE. 
(d) The insurer of the owner of a motor vehicle shall pay personal injury protection benefits for:
1. Accidental bodily injury sustained in this state by the owner while occupying a motor vehicle, or while not an occupant of a self-propelled vehicle if the injury is caused by physical contact with a motor vehicle.