470 So.2d 98 (1985)
Harry Alex DUNLAP, IV, Appellant,
v.
UNITED STATES AUTOMOBILE ASSOCIATION, Appellee.
No. BA-150.
District Court of Appeal of Florida, First District.
June 7, 1985.
Philip A. Bates of Emmanuel, Sheppard & Condon, Pensacola, for appellant.
*99 Larry Hill of Moore, Hill & Westmoreland, Pensacola, for appellee.
SMITH, Judge.
Appellant filed suit for PIP[1] benefits under his father's motor vehicle insurance policy. The trial court rendered summary judgment on non-liability in favor of the insurance company. We affirm.
The accident occurred when appellant, who was operating a motorcycle, collided with a truck and was thrown to the roadway and then run over by a taxi. Appellant testified that after he was thrown from the motorcycle, he remembered rolling over on one side, holding his stomach, and coming to rest. Then he heard a horn and saw car lights, and that was the last thing he remembered until he regained consciousness in the ambulance. He received numerous injuries, the majority of which occurred when he was run over by the taxi.
The policy provided PIP benefits for injuries sustained by an insured while occupying a motor vehicle (the definition of which excludes motorcycles) or, while a pedestrian, through being struck by a motor vehicle.[2] Appellant argues that because he was not "occupying" the motorcycle at the time he was struck by the taxicab, he was a "pedestrian," as defined in the policy, and therefore covered under the PIP portion. Appellee-insurer argues that the plaintiff was "occupying" the motorcycle at the time he sustained his injuries.
A "pedestrian" is defined in the policy as a "person while not an occupant of any self-propelled vehicle." As defined in the policy, "occupying" means "in or upon or entering into or alighting from."
Although we disagree somewhat with the trial court's articulation of the reasons supporting summary judgment for the insurer, we agree with the result reached. We agree with appellant that a person is not precluded from recovery of PIP benefits merely because just prior to the injury that person had been operating a motorcycle. Once it is established that a person is occupying a motorcycle  as appellant here  the issue, as we see it, is whether the facts will justify a determination that the "occupancy" had terminated, and a new activity had commenced before the injury. We have examined the cases cited by the parties, including State Farm Mutual Automobile Insurance Co. v. Yanes, 447 So.2d 945 (Fla. 3rd DCA 1984) (van operator who had parked his van, unloaded a package, and was crossing the street at the time he was struck by an uninsured motor vehicle had ceased the activity of "alighting from" the van, and had commenced the new activity of walking across the street); Fidelity & Casualty Co. of New York v. Garcia, 368 So.2d 1313 (Fla. 3rd DCA 1979) (driver who had exited a truck from the right-side passenger door, crossed in front of the truck in the direction of her home, and was struck by another vehicle after passing in front of the truck was not "alighting from" the truck at the time of injury, since the rational limit to the activity that may be said to be encompassed within that term is the time and place at which the insured shows "an intention, evidence by an overt act based on that intention, to undertake a new direction or activity"); Asnip v. Hartford Accident & Indemnity Co., 446 So.2d 1121 (Fla. 3rd DCA 1984) (driver who alighted from non-owned vehicle and was leaning against it while talking to another person when the driver was struck by a car was "upon" the non-owned car from which he had alighted and was therefore "occupying" it when the accident occurred); Industrial Fire & Casualty Insurance Co. v. Collier, 334 So.2d 148 (Fla. 3rd DCA 1976), cert. denied, 341 So.2d 1080 (Fla. 1976) (insured was "occupying" car at the time he was injured when his car was struck by another vehicle as he was removing the spare tire from the car in the process of *100 changing a flat tire). As seen from these cases, although mere physical contact with the vehicle is alone sufficient to satisfy the "occupancy" requirement, Asnip, supra, 446 So.2d at 1122, the mere absence of actual physical contact with the vehicle is not conclusive, Collier, supra, 334 So.2d at 149. Mere physical contact is also not conclusive when the issue is whether a person has completed the process of "alighting from" a vehicle, Garcia, supra, 368 So.2d at 1313.
Although we are cognizant of the rule that questions of coverage are broadly construed in favor of the injured party, National Merchandise Co., Inc. v. United Service Automobile Association, 400 So.2d 526, 532 (Fla. 1st DCA 1981), we are aware of no authority which would require extension of coverage to appellant under the circumstances presented here. On the other hand, following the reasoning of the court in United States Fidelity & Guaranty Co. v. Daly, 384 So.2d 1350 (Fla. 4th DCA 1980), we are persuaded that the concept of "occupying," or "occupant," under the terms of the policy and the statute would extend and apply to one who is injured upon being struck by a motor vehicle immediately following an accidental, involuntary ejection from the vehicle.
AFFIRMED.
MILLS and THOMPSON, JJ., concur.
NOTES
[1] Personal injury protection coverage (PIP) is governed by the provisions of the "Florida Motor Vehicle No-Fault Law," Sections 627.730-627.7405, Florida Statutes (1983).
[2] See particularly, Sections 627.732(1), and 627.736(4)(d)1., Florida Statutes (1983).