PETERSON, Judge.
David A. Laninfa appeals the final summary judgment in favor of his insurer, Prudential Property and Casualty Insurance Company. At issue is whether a person walking along the side of a road and pushing a disabled motorcycle is a “pedestrian” and therefore entitled to personal injury protection (PIP) benefits. We conclude that Lanin-fa was not a pedestrian and affirm the trial court.
The parties stipulated to the facts. Lanin-fa was a motorcycle mechanic who was test driving a customer’s motorcycle. During the test drive, the motorcycle’s engine failed and could not be restarted. Laninfa pushed the motorcycle over to the side of the roadway and began walking along the side of the roadway, continuing to push the motorcycle. There were no sidewalks along this roadway, and Laninfa intended to push the motorcycle to the nearest driveway in order to remove the motorcycle from the roadway. He then intended to walk to the repair shop to obtain assistance in retrieving the motorcycle. While Laninfa was pushing the motorcycle, several vehicles traveling in the same direction as Laninfa went around him, but *966 unfortunately one struck him from behind, causing him personal injuries.
Laninfa then sued the driver of the automobile and Prudential, Laninfa’s insurer. Laninfa claimed he was entitled to personal injury protection (PIP) and uninsured motorist coverage (UM) from Prudential. Prudential admitted that Laninfa was entitled to UM coverage, but asserted that he was not entitled to PIP benefits because he was occupying a motorcycle at the time of the accident. Summary final judgment was entered for Prudential based upon its defense.
Prudential’s policy providing PIP coverage states in pertinent part:
The bodily injury must result from an accident arising out of the ownership, maintenance or use of a motor vehicle. The injury must be to:
1. you or a relative while in or on a motor vehicle or while a pedestrian hit by a motor vehicle ...
“Motor vehicle” is defined in the policy as “a self-propelled vehicle with four or more wheels designed and required to be licensed for use on public roads.” The policy defines a “pedestrian” as “a person who is not in or on a self-propelled vehicle.” This PIP coverage substantially tracks section 627.736(4)(d)(l), Florida Statutes (1993), which requires that PIP benefits be paid to an automobile owner injured “while occupying a motor vehicle, or while not an occupant of a self-propelled vehicle if the injury is caused by physical contact with a motor vehicle.” “Motor vehicle” is defined in section 627.732(1), Florida Statutes (1993), as a “self-propelled vehicle with four or more wheels, which is of a type both designed and required to be licensed for use on the highways of this state.”
There is no dispute that Laninfa’s accident arose out of the use of a motor vehicle — the vehicle that struck him. However, the policy and the statute provide for coverage for injuries that occur only when the insured is “occupying” (the statute) or “in or on” (the policy) a motor vehicle, or when the insured is “not an occupant of’ (the statute) or not “in or on” (the policy) a self-propelled vehicle. Since both the statute and the policy define “motor vehicle” as having four or more wheels, Laninfa was not “in or on” or an “occupant” of a motor vehicle at the time of the accident. Therefore he has coverage only if he was not an “occupant” of a self-propelled vehicle. There is no dispute that a motorcycle is a self-propelled vehicle, so thé coverage issue turns on whether Lan-infa was an “occupant” of (or “in or on” under the policy language) the motorcycle at the time of the accident. If he was not an “occupant,” he was a pedestrian and entitled to PIP coverage.
Previous decisions support the conclusion that Laninfa was occupying the motorcycle at the time of the accident. In Dunlap v. U.S. Auto Ass’n, 470 So.2d 98 (Fla. 1st DCA 1985), the plaintiff was operating a motorcycle when he was struck and thrown onto the roadway. He was then run over and injured by a taxi. He contended that he was a pedestrian when hit by the taxi and thus entitled to PIP benefits for those injuries under his father’s motor vehicle policy. The policy in Dunlap defined a pedestrian as one not an occupant of any self-propelled vehicle, and “occupying” was defined as “in or upon or entering into or alighting from.”
On appeal the court surveyed Florida law and determined that the plaintiff was not a pedestrian at the time of the accident:
State Farm Mutual Automobile Insurance Co. v. Yanes, 447 So.2d 945 (Fla. 3rd DCA 1984) (van operator who had parked his van, unloaded a package, and was crossing the street at the time he was struck by an uninsured motor vehicle had ceased the activity of “alighting from” the van, and had commenced the new activity of walking across the street); Fidelity & Casualty Co. of New York v. Garcia, 368 So.2d 1313 (Fla. 3rd DCA 1979) (driver who had exited a truck from the right-side passenger door, crossed in front of the truck in the direction of her home, and was struck by another vehicle after passing in front of the truck was not “alighting from” the truck at the time of injury, since the rational limit to the activity that may be said to be encompassed within that term is the time and place at which the insured shows “an intention, evidence[d] by an overt act *967 based on that intention, to undertake a new direction or activity”); Asnip v. Hartford Accident & Indemnity Co., 446 So.2d 1121 (Fla. 3rd DCA 1984) (driver who alighted from non-owned vehicle and was leaning against it while talking to another person when the driver was struck by a ear was “upon” the non-owned car from which he had alighted and was therefore “occupying” it when the accident occurred); Industrial Fire & Casualty Insurance Co. v. Collier, 334 So.2d 148 (Fla. 3rd DCA 1976), cert. denied, 341 So.2d 1080 (Fla.1976) (insured was “occupying” car at the time he was injured when his car was struck by another vehicle as he was removing the spare tire from the car in the process of changing a flat tire).
Id. at 98.
The Dunlap court determined that a person is not precluded from PIP benefits merely because just prior to the injury the person had been operating a motorcycle. Id. at 99. The issue, the court held, was whether the facts will justify a determination that the “occupancy” had terminated and a new activity had commenced before the injury. Id. Laninfa argues that his occupancy of the motorcycle ceased when, unable to restart it, he moved it to the side of the roadway and began walking it. At that point, he argues, he became a pedestrian. Case law does not support this proposition.
The Dunlap court noted that mere physical contact can satisfy the “occupancy” requirement. Id. at 100. Thus, a person who alighted from a car and leaned against it was “upon” it, Asnip; and a person who was removing a spare tire from the trunk of a vehicle was “occupying” it, Collier. See also Asnip, 446 So.2d at 1122 (“when contact exists, the cases invariably hold that that fact is alone sufficient to render the claimant an occupant”) citing Motor Vehicle Accident Indemnification Corp. v. Oppedisano, 41 Misc.2d 1029, 246 N.Y.S.2d 879 (N.Y.Sup. 1964) (person pushing vehicle off the road held to be an occupant); Lumbermen’s Mut. Cas. Co. v. Norris, 15 Ill.App.3d 95, 303 N.E.2d 505 (1973) (person standing at the side of the car holding onto the side view mirror held to be an occupant); Manning v. Summit Home Ins. Co., 128 Ariz. 79, 82, 623 P.2d 1235, 1238 (App.Ct.1980); Lokos v. New Amsterdam Cas. Co., 197 Misc. 40, 93 N.Y.S.2d 825 (N.Y.Mun.Ct.1949), aff'd, 197 Misc. 43, 96 N.Y.S.2d 153 (N.Y.Sup.Ct.1950) (person standing behind vehicle held to be “occupying” it).
In the instant ease, Laninfa was on foot, but so were the claimants in the above cases who were removing a tire, leaning on a car, or pushing a disabled car. Although physical contact may not be dispositive in every case, see Garcia, we think that in this case the operative fact is that Laninfa was in continuing physical contact with the motorcycle, and thus an occupant of it. That is, since he was in physical contact with the motorcycle, he had not completed alighting from it, and was therefore “on” it.
Because the policy does not provide PIP coverage for an occupant of a motorcycle, and because the statute does not require such coverage, the trial court properly entered final summary judgment in favor of Prudential.
AFFIRMED.
GOSHORN, J., concurs.
HARRIS, C.J., dissents with opinion.