HARRIS, Chief Judge,
dissenting.
Common sense, if not precedent, compels me to dissent. Laninfa was pushing an inoperative motorcycle along the edge of the roadway when he was hit by a passing motorist. The sole issue is whether Laninfa, on foot and pushing the “disabled” motorcycle, was a pedestrian at the time of the accident.
The policy language is all important. In our case, the policy defines a pedestrian as “a person who is not in or on a self-propelled vehicle.” The majority focuses on the language “in or on” and relies on precedent that holds that merely touching a vehicle is “occupying” it. See Asnip v. Hartford Accident & Indemnity Company, 446 So.2d 1121 (Fla. 3d DCA 1984), which holds: “Indeed, when contact exists, the eases invariably hold that that fact is alone sufficient to render the claimant an occupant.”
*968 But an occupant of what? In Asnip, it was the insured vehicle. The insured vehicle is usually described in the policy as a certain make and model. The insured vehicle remains insured even if it is parked alongside the road, breaks down on the highway or needs its tire changed. Therefore, in accidents involving the insured vehicle, there is a certain logic in holding that mere contact satisfies the “in or on” language of the policy because an insured vehicle remains “involved” so long as contact is maintained.
But that is not the case before us. The motorcycle involved in this action was not the “insured vehicle” of the policy involved herein. It affects the coverage issue only if it is “a self-propelled vehicle.” Therefore, the operative words in the policy before us are “a self-propelled vehicle.” There is total agreement that at the time of the accident, the motorcycle was not self-propelled. Indeed, had it been, the accident probably would not have occurred.
I see no logical basis for holding that the parties intended that one pushing a bicycle down the road would be covered under the policy but not so one pushing an inoperative motorcycle. In my view, it is a tortured construction of the policy terms that denies coverage in this case.
Under the clear language of the policy[1], I would reverse.

. In any event, is it not at least ambiguous as to whether the parties intended that a motorcycle with a motor that would not function would nevertheless be considered a self-propelled vehicle? If so, since this provision is in the nature of an exclusion, should it not be construed narrowly in favor of coverage? Demshar v. AAACon Auto Transport, Inc., 337 So.2d 963 (Fla.1976).