750 So.2d 695 (2000)
Robert SCHMIDT, Appellant,
v.
STATE FARM MUTUAL INSURANCE COMPANY, a foreign corporation, Appellee.
No. 98-02202.
District Court of Appeal of Florida, Second District.
January 7, 2000.
Joel D. Broida of Broida & McKinney, P.A., St. Petersburg, for Appellant.
*696 H. Irene Higginbotham of Kevin W. Korth & Associates, St. Petersburg, for Appellee.
NORTHCUTT, Judge.
We reverse the summary judgment rendered against Robert Schmidt in his suit to recover uninsured motorist benefits from State Farm Mutual Insurance Company.
Schmidt was injured in a motorcycle accident which he describes as follows: As Schmidt rode his motorcycle toward a crossroads, a car entered the intersection immediately in front of him. Schmidt avoided a collision by laying the motorcycle on its side. At that point, he and the machine parted and each slid into the intersection. The motorcycle cleared the rear of the car. Schmidt's hand struck one of the car's rear tires, fracturing his wrist. The car traveled several more feet, then came to a complete stop. Schmidt lay on the road directly behind the car. The car's driver then placed it in reverse and began to back up. Recognizing his peril, Schmidt attempted to crawl from harm's way. But he made it only part of the way to safety; the car backed over his legs, inflicting severe injuries.
Although State Farm does not contest that description, we note that it is not reflected in the record. For purposes of State Farm's motion for summary judgment and of our review of the order granting it, the only operative description of the accident contained in the record was the rather general one set forth in Schmidt's response to an interrogatory:
[Question:] Describe in detail how the incident described in the complaint happened, including all actions taken by you to prevent the incident.
[Answer:] Operator of car pulled out in front of my motorcycle, I laid down my bike to avoid crash. I then slid behind the back wheels of stopped car. Driver of car put his car in reverse and backed up over my legs and then put the car in drive and went over my legs a second time.
In response to another interrogatory calling upon Schmidt to "[d]escribe each injury for which you are claiming damages in this case," Schmidt described injuries to his leg and knee. In addition, when moving for summary judgment State Farm filed documents Schmidt had furnished in response to State Farm's request to produce. Among the documents were medical records reflecting that Schmidt had also suffered a broken wrist in the accident.
Schmidt eventually recovered $50,000 in bodily injury liability benefits from the tortfeasor's insurance carrier. He also received $25,000 in uninsured motorist benefits from the insurer of his motorcycle, Dairyland Insurance Company, and gave Dairyland a release.
In this litigation Schmidt also sought uninsured motorist benefits under State Farm policies covering his two other vehicles. Both State Farm policies contained the following exclusion:
When Coverage U3 Does Not Apply
THERE IS NO COVERAGE: ...
3. FOR BODILY INJURY TO AN INSURED WHILE OCCUPYING A MOTOR VEHICLE OWNED BY YOU, YOUR SPOUSE OR ANY RELATIVE IF IT IS NOT INSURED FOR THIS COVERAGE UNDER THIS POLICY....
The policies defined "occupying" to mean "in, on, entering or alighting from."
Additionally, both policies contained the following nonstacking provision:
3. If an insured sustains bodily injury while not occupying a motor vehicle and other uninsured motor vehicle coverage is available:
b. THIS COVERAGE DOES NOT APPLY IF THE INSURED SELECTS ANY OTHER UNINSURED MOTOR VEHICLE COVERAGE UNDER WHICH TO MAKE A CLAIM.
*697 The circuit court granted State Farm a summary judgment on the basis of the first exclusion quoted above, reasoning that under the undisputed facts Schmidt was occupying the motorcycle when he was injured. Schmidt argues that the episode entailed two separate accidents, each resulting in separate injuries. He does not dispute that he was occupying the motorcycle at the time of the "first" accident, when he allegedly injured his wrist just after being ejected from the motorcycle. But he maintains that by the time of the "second" accident, when the car backed over his legs, he no longer occupied the motorcycle. As we have noted above, the record before the circuit court on State Farm's motion for summary judgment reflected only a single accident causing injuries to Schmidt's legs. Therefore, we must restrict our analysis accordingly. Even so, we conclude that there was an issue of material fact in regard to whether Schmidt was occupying his motorcycle when the so-called "second" accident occurred.
In Dunlap v. United States Automobile Ass'n., 470 So.2d 98 (Fla. 1st DCA 1985), the First District considered the plight of a motorcyclist who was thrown from his cycle during a collision and then run over by a taxi. His insurance policy provided personal injury protection benefits for injuries sustained by an insured while occupying a motor vehicle or while a pedestrian. "Motor vehicle" was defined to exclude motorcycles. The policy defined "pedestrian" as a "person while not an occupant of any self-propelled vehicle." Similar to the uninsured motorist policy definition in this case, in Dunlap the policy defined "occupying" as "in or upon or entering into or alighting from." The circuit court granted the insurer a summary judgment denying Dunlap's claim for PIP benefits.
The First District agreed with Dunlap's argument that a person is not precluded from recovering PIP benefits merely because just prior to the injury he had been operating a motorcycle. Rather, the court wrote, the question whether the claimant's occupancy of the motorcycle was continuing at the time of his injury depends on "whether the facts will justify a determination that the `occupancy' had terminated, and a new activity had commenced before the injury." Dunlap, 470 So.2d at 99. Applying that test, the court affirmed the summary judgment in favor of the insurer, concluding that the concept of occupying "would extend and apply to one who is injured upon being struck by a motor vehicle immediately following an accidental, involuntary ejection from the vehicle." Dunlap, 470 So.2d at 100 (emphasis supplied). See also United States Fidelity & Guar. Co. v. Daly, 384 So.2d 1350 (Fla. 4th DCA 1980) (holding that PIP claimant who was thrown from the open bed of a pickup truck and suffered injuries when he struck the road was injured "while occupying a motor vehicle").
For purposes of an accidental ejection case such as the one before us, we agree with the test of "occupancy" of a motor vehicle articulated in Dunlap. But we conclude that the facts of this case compel a different result. As the movant for summary judgment, State Farm was obliged to conclusively show that there were no genuine issues of material fact with regard to Schmidt's continuing occupancy of the motorcycle when the car backed over him. See Perry v. Munger, 730 So.2d 393 (Fla. 2d DCA 1999) (noting that party moving for summary judgment must conclusively show that nonmoving party cannot prevail). It simply did not meet this burden. The description of the accident contained in Schmidt's interrogatory answer failed to disclose how much time elapsed between the moment Schmidt came to rest and the moment the car backed over him, nor did it reflect what Schmidt was doing in the meantime. In other words, the record failed to shed light on the dispositive issue of whether Schmidt's occupancy of the motorcycle had terminated, and a new activity had commenced before the injury. Dunlap, *698 470 So.2d at 99. "If the record reflects the existence of any genuine issue of material fact, or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper." Snyder v. Cheezem Dev. Corp., 373 So.2d 719, 720 (Fla. 2d DCA 1979).
State Farm asserts as an alternative basis for affirming the summary judgment that because Schmidt claimed uninsured motorist benefits from Dairyland, the insurer of his motorcycle, the abovequoted nonstacking provision in the State Farm policies precludes his recovery from State Farm. The circuit court declined to enter summary judgment on this ground because the record did not conclusively establish that Schmidt's claim under the Dairyland policy included the injuries to his legs and knee for which he sought recovery from State Farm. For the same reason, we conclude that State Farm was not entitled to summary judgment on this ground. See Perry; Snyder.
Reversed and remanded for further proceedings.
PATTERSON, C.J., Concurs.
GREEN, J., Dissents with opinion.
GREEN, Judge, Dissenting.
I respectfully dissent because Schmidt was not a pedestrian when his legs were injured.
State Farm and Schmidt filed motions for summary judgment based on Schmidt's answers to State Farm's interrogatories, which explained the accident and injuries he sustained. Neither motion mentions Schmidt's wrist injury. Schmidt did contend that he was a pedestrian when he received his leg injuries.
In his interrogatory answer, Schmidt spoke of laying his motorcycle down to avoid impacting with an automobile that pulled out in front of him. He described sliding behind the back wheels of the stopped car and being run over twice when the driver of the car went into reverse and then forward, injuring Schmidt's legs.
At the summary hearing, Schmidt's attorney described the accident with additional details. He asserted that Schmidt laid his motorcycle down to avoid colliding with the car that pulled out in front of him. He stated that Schmidt's wrist was injured as he slid behind the rear wheels of the vehicle. Schmidt was trying to crawl out of the way when the vehicle backed over his legs.
While my position would be the same under either Schmidt's interrogatory answer or his attorney's explanation, there is not a scintilla of competent evidence in the record to support the recitation made by Schmidt's attorney at the hearing. See Campbell Settle Pressure Grouting & Gunite Co., Inc. v. David M. Abel Constr. Co., 395 So.2d 247 (Fla. 3d DCA 1981) (holding that trial judge cannot convert a summary proceeding into a trial by taking sworn testimony, over objection, in derogation of a demanded right to jury trial).[1]
This case is being reversed by the majority because Schmidt's interrogatory answer did not indicate how much time elapsed between the multiple injuries or what Schmidt was doing while being injured. I conclude that State Farm may yet be entitled to summary judgment or a directed verdict if additional evidence establishes that these occurrences took place in rapid, unbroken succession. I disagree that this case can be distinguished from Dunlap v. United States Automobile Ass'n, 470 So.2d 98 (Fla. 1st DCA 1985), and United States Fidelity & Guaranty Co. v. Daly, 384 So.2d 1350 (Fla. 4th DCA 1980). See Mid-Century Ins. Co. v. Henault, 128 Wash.2d 207, 905 P.2d 379 (1995) (explaining its holding of policy liability *699 as distinguished from the Florida cases of Dunlap and Daly, where Henault, who was operating a motorcycle, collided with a motor vehicle and after being ejected to the pavement was run over by a second motor vehicle a significant time after the first accident).
The majority decision relieving Schmidt of being a motor vehicle occupant under his policies is also contrary to several other cases. See Laninfa v. Prudential Property & Casualty Insurance, 656 So.2d 965 (Fla. 5th DCA 1995) (holding Laninfa to be a vehicle occupant under his policy and therefore not a pedestrian, when struck by a vehicle while pushing his disabled motorcycle along the side of a road), Progressive American Insurance Co. v. Tanchuk, 616 So.2d 489 (Fla. 4th DCA 1993) (holding that Tanchuk was an occupant of his tow truck under a policy which protected occupants when he was injured by the tow truck cable because a third vehicle struck the vehicle which was to be towed), and Industrial Fire & Casualty Insurance Co. v. Collier, 334 So.2d 148 (Fla. 3d DCA 1976) (holding that Collier was a vehicle occupant under his policy when he was changing a tire on his vehicle and was struck by another vehicle).
There is no indication that the operator of the automobile involved in the instant accident ever stopped driving when Schmidt received his multiple injuries. Either version of the facts establishes that there was no intervening or delayed occurrence which would distinguish the event from a single accident involving multiple injuries.
Schmidt was alighting from his motorcycle and never became a pedestrian with respect to his leg injuries. I would affirm.
NOTES
[1] Counsel for State Farm did not object to Schmidt's attorney's argument at the summary hearing.