No. 3-02-0874

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2003

ARLA ABRELL,

Plaintiff-Appellant,

v.

EMPLOYERS INSURANCE OF WAUSAU, a Mutual Company

Defendant-Appellee

)

)

)

)

)

)

)

)

)

)

Appeal from the Circuit Court

of the 10th Judicial Circuit Peoria County, Illinois

No. 01-MR-118

Honorable

John A. Barra

Judge, Presiding

_________________________________________________________________

JUSTICE LYTTON delivered the opinion of the court:

_________________________________________________________________

Arla Abrell filed a complaint against Employers Insurance of Wausau ("Wausau") seeking a declaration that she was covered under a Wausau commercial automobile insurance policy for an accident in which she was injured.  After a bench trial, the trial judge ruled that Abrell was not covered under the terms of the policy because she was not "occupying" the motor vehicle at the time of the accident.  We reverse and remand.

Abrell was employed as a manager of a seasonal Hickory Farms store opened in a mall for the holiday season.  As part of her job, Abrell was in charge of a manager's "kiosk box" that contained paperwork regarding the store's operation.  When the season ended, Hickory Farms prepared to move the equipment from the mall, and Abrell was instructed to bring her kiosk box to the mall for the move.  Abrell brought the box to her supervisor to be placed into a moving van.  After the box was placed in the rear of the van, Abrell and her supervisor began checking some of the paperwork.  They stood at the back of the van for ten to fifteen minutes, retrieving various papers from the box, laying the papers out in the bed of the van and reviewing them.  While Abrell and her supervisor were working on the back of the van, a car hit the van from behind, struck Abrell and pinned her knee between the car and the moving van's bumper.

At the time of the accident, Hickory Farms had an insurance policy with Wausau that covered the moving van.  The policy provided coverage to anyone "occupying" a covered vehicle, and defined "occupying" as "in, upon, getting in, on, out or off."  Abrell filed a declaratory judgment action seeking a declaration that she was covered under the policy.

Following a bench trial, the trial judge found that Abrell was not "occupying" the vehicle at the time of the accident.  He held that, although Abrell had physical contact with the van, she was not using the vehicle as a means of transportation.  Therefore, he granted judgment to Wausau.

In construing the provisions of an insurance policy, we must examine the terms used to ascertain the intentions of the parties.  
Mathey v. Country Mutual Insurance Company
, 321 Ill. App. 3d 805, 809 (2001).  If the terms of the policy are clear and unambiguous, we must give them their plain and ordinary meaning, and they must be applied as written unless they contravene public policy.  
Mathey
, 321 Ill. App. 3d at 809.

If the facts of the case are undisputed, the question of whether the injured party falls within the coverage provided by the insurance policy is a matter of interpretation and is strictly a question of law for us to decide.  
Indiana Insurance Company v. Liaskos
, 297 Ill. App. 3d 569, 574 (1998).  Here, Abrell only challenges the trial court's construction of the policy, without taking issue with its factual findings.  Thus, we are presented with a question of law that is subject to 
de
 
novo
 review.  
Indiana Insurance
, 297 Ill. App. 3d at 574.

In 
Mathey
, the court examined the language of an insurance policy with the same definition of "occupying" a vehicle.  The court found that "in, upon, getting in, on, out or off" are everyday words defining broad factual situations (
Mathey
, 321 Ill. App. 3d at 312) and are clear and unambiguous.  The court ruled that the only elements necessary to impose liability on the insurer under this broad definition are 1) some nexus or relationship between the injured party and the covered automobile, and 2) actual or virtual physical contact between the injured party and the insured vehicle.  
Mathey
, 321 Ill. App. 3d at 811.

Abrell has proved both of these elements.  First, as the trial court correctly noted, the issue of "physical contact" was conceded here; undoubtedly, Abrell was in contact with the moving van at the time of the accident.  Second, there was a nexus or relationship between her and the vehicle.  Abrell was working with her manager, using the rear of the vehicle as a makeshift desk, leaning into the van to retrieve more papers and working with those papers on the van's bed.  Thus, under the broad interpretation of the policy language adopted by the courts of this state, she was "occupying" the vehicle.

Although the trial court found that "transportation" of the injured party in the vehicle was a condition of having a nexus or relationship with a vehicle, the cases do not require it.  In fact, it had never been considered a deciding factor.  See 
Mathey
, 321 Ill. App. 3d 805 (students who had been riding in a bus but were lined up several feet away from it at the time of the accident were "occupying" the bus); 
Lumbermen's Mutual Casualty Company v. Norris
, 15 Ill. App. 3d 95 (1973) (girl who had ridden in a car, but was merely sitting on the fender at the time of the accident, was "occupying" the vehicle); 
Wolf v. American Casualty Company
, 2 Ill. App. 2d 124 (1954) (plaintiff, returning to his car after an accident, was struck six feet from vehicle, but was close enough to be "entering into" the car).  On the contrary, the 
Mathey
 court specifically held that use of the vehicle for transportation is not necessary for the injured party to be "occupying" the vehicle.  
Mathey
, 321 Ill. App. 3d at 812-14.

The decisions in the above-cited cases are compelling.  It is not difficult to envision situations in which a person may be injured while "in" or "upon" a vehicle without ever intending to use the vehicle for transportation.  For instance, a person could be sitting inside a vehicle looking for something in the glove compartment; a party could be injured while standing inside the bed of a truck, or while sitting on the hood of a car.  Certainly those parties would be considered "in" or "upon" the respective vehicles.

The language of the policy was not restricted to those in or upon the vehicle solely for the purpose of transportation.  The policy provides inclusive coverage without limitation; we will not carve out an exception to the clear and unambiguous language of this contract.  Abrell must be granted coverage under the Wausau policy.

The judgment of the circuit court of Peoria County is reversed, and the case is remanded for further proceedings.

Reversed and remanded.

BARRY and HOLDRIDGE, JJ., concur.