PAUL JARVIS, ADMINISTRATOR OF THE ESTATE OF L. P. JARVIS, DECEASED, AND PAUL JARVIS, INDIVIDUALLY, v. PENNSYLVANIA THRESHERMEN & FARMERS' MUTUAL CASUALTY INSURANCE COMPANY.

(Filed 31 October, 1956.)

Insurance § 43b—

In an action on a policy providing payments for injury by accident "while in or upon, entering or alighting from" a truck, the burden is upon plaintiff to show injury within the coverage of the policy, and evidence merely tending to show that the injured person was on the highway approaching the truck from the rear when he was run down and killed by a car, and that the doors to the truck remained closed and undamaged, is insufficient to overrule insurer's motion for nonsuit.

JOHNSON, J., not sitting.

APPEAL by plaintiff from *Olive, J.*, April-May Term, 1956, WILKES Superior Court.

Civil action to recover medical payments under insurance policy issued Paul Jarvis on a one-half ton Chevrolet truck.  The policy con-

tained the following provision: "Coverage C—Medical Payments. To pay all reasonable expenses incurred within one year from the date of accident for necessary surgical, ambulance, hospital, professional nursing, and funeral services to or for each person who sustains bodily injury, sickness or disease caused by accident, while in or upon, entering or alighting from the automobile if the automobile is being used by the named insured or with his permission."

It is admitted that L. P. Jarvis was operating the Chevrolet truck with the permission of Paul Jarvis, the named insured. Liability is made to depend on whether at the time of the injury L. P. Jarvis was entering the truck. The evidence disclosed that the Jarvis truck, driven by L. P. Jarvis, broke down on Highway No. 15 in the nighttime; that it was parked on the right-hand side of the road without lights and with the left wheels slightly on the hard surface. Charles Comer stopped his car some distance behind the Jarvis truck for the purpose of rendering assistance. L. P. Jarvis left the truck, walked back to the Comer car, and after a conference started back to the truck. The evidence disclosed that a 1933 Ford, driven by one Barrett, passed the Comer car, ran over and killed Jarvis. After the accident the body of Jarvis was lying in the center of the road beyond the parked truck. All doors to the Jarvis truck were closed and undamaged. However, the "left rear fender and the left rear corner of the Jarvis pickup was damaged." There is evidence that the deceased was approaching and close to the truck. There is no evidence, however, that he was attempting to enter it at the time he was hit.

From judgment of involuntary nonsuit at the close of all the evidence, the plaintiff appealed.

*Hayes & Hayes for plaintiff, appellant.*
*Larry S. Moore for defendant, appellee.*

PER CURIAM. The burden of proof was upon the plaintiff to show coverage under the quoted provision of the policy. That is, that the deceased was entering the truck at the time of the accident. The evidence viewed in the light most favorable to the plaintiff shows no more than that Jarvis was in the highway approaching the truck from the rear when run down by the Barrett car and killed. The doors to the truck were closed and undamaged. We must conclude the evidence was insufficient to show the deceased was entering the car at the time of the accident. For that reason, the judgment of the Superior Court of Wilkes County is

Affirmed.

JOHNSON, J., not sitting.