STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO., Respondent,

v.

FARMERS INSURANCE CO., Appellant.

No. 39466.

Missouri Court of Appeals,
St. Louis District,
Division No. One.

July 25, 1978.

Bernard C. Brinker, Carter, Brinker, Doyen & Kovacs, Clayton, for appellant.

Ben Ely, Jr., St. Louis, for respondent.

SMITH, Judge.

Defendant, Farmers Insurance Company, appeals from a judgment in favor of State Farm Mutual Automobile Insurance Co. on the latter's petition for declaratory judgment. The cause was submitted to the trial court on a stipulation of facts.

Roger Hammett was injured in 1975 as the result of the negligence of an uninsured motorist. Hammett was insured by Farmers and his coverage included uninsured motorist coverage. On the occasion of the accident, Hammett had been a passenger in an automobile, operated by Dennis Lineberry, and insured by State Farm which insurance also provided uninsured motorist coverage. Hammett, Lineberry and a third person had gone to the place where the accident occurred to assist one Jerry Hammett who was driving a truck which had run out of gas and was stranded on the west shoulder of Highway 270 facing south. When the Lineberry vehicle arrived, Jerry Hammett was being assisted by Paul Schaeffer, who was parked behind Jerry Hammett's truck. Lineberry parked behind the Schaeffer vehicle. The stipulation then recites:

"When the Jerry Hammett truck began running everyone started back to their cars. Lineberry's Javelin was struck from the rear by the uninsured driver Cottner. At the moment of the impact, Dennis Lineberry was getting ready to get in the driver's door of the Javelin. Lineberry was not touching the Javelin at the time. Roger Hammett was walking back, that is, northwardly, toward the passenger door of the Javelin and at the time the Javelin was struck from behind, Roger Hammett, was alongside the right front fender of the Javelin walking toward the door. At the time of the impact, he was completely outside the Jave-

lin and was not touching any part of the Javelin. The force of the impact to the rear of the Javelin moved the car and caused it to collide with Roger Hammett who was walking beside the fender when the Javelin was knocked into him."

██ Farmers policy, which covers Roger Hammett as a named insured, provides that the coverage furnished shall be excess to any similar insurance covering a non-owned vehicle occupied by the named insured. State Farm's policy provides coverage to "any other *person* [other than a named insured] while *occupying* an *insured motor vehicle*; . . . ." (Emphasis in original). Both policies define "occupying" as "in or upon or entering into or alighting from." The question therefore is whether Roger Hammett was "occupying" the Lineberry automobile at the time of the accident and was therefore covered by the State Farm policy. The trial court found he was not. We agree.

Farmers contends that Hammett was either "upon" or "entering into" the vehicle at the time of the accident. Both parties agree, and our research supports the conclusion that no Missouri case has passed upon this question. Several other states have, however.[1]

An examination of those cases reveals a certain lack of consistency in results and each case must be decided on its facts. We believe, however, that the decisions can be grouped into two categories and that with a few exceptions the results in each category are consistent. In all of the cases with which we are concerned, the claimant has left the driver or passenger section of the vehicle and is injured while in some reasonably close proximity to the vehicle. The first category of cases are those in which the reason for leaving the vehicle and the claimant's activities after leaving the vehicle are directly related to the insured vehicle itself. The second category is that in which the vehicle is the means of transportation to the point where the claimant leaves the vehicle, and the reason for leaving the vehicle is unrelated to the vehicle itself.

The cases in the first category usually involve situations where the insured vehicle has malfunctioned or sustained damage in some way and the claimant is either attempting to repair the damage, prevent further damage, or is obtaining or giving information concerning the damage. In that category of cases, the courts have quite liberally construed the "occupancy" provision to allow coverage, normally finding that the claimant is either "in" or "upon" the vehicle.[2] Such an approach is reasonable since the injury which occurs is a direct result of the operation of the vehicle. We do not find the cases in this first category to be helpful in resolving this case.

The case at bar falls into the second category of cases, those in which the claimant's reason for being outside the automobile is unrelated to the operation of the vehicle itself. Here Roger Hammett arrived at the scene and left the vehicle to assist another motorist, as planned when he originally entered the car. He was returning to the insured vehicle when it was struck by the uninsured motorist, causing the insured vehicle to strike Hammett. In the second category of cases, the courts have been much more rigid in requiring a claimant to establish that he meets one of the four definitions of occupancy.[3] We do

1. See Annotation: "Auto Insurance: When is a person "occupying" an automobile within meaning of medical payments provision." 42 ALR 3rd 501.

2. Typical of these cases are: *Wolf v. American Casualty Co.*, 2 Ill.App.2d 124, 118 N.E.2d 777 (1954); *Motor Vehicle Accident Indemnification Corp. v. Oppedisano*, 41 Misc.2d 1029, 246 N.Y.S.2d 879 (Sup.1964); *Lokos v. New Amsterdam Casualty Co.*, 197 Misc. 40, 93 N.Y.S.2d 825 (Sup.1949); *Christoffer v. Hartford*

*Accident & Indemnity Co.*, 123 Cal.App.2d Supp. 979, 267 P.2d 887 (1954). Atypical is *Green v. Farm Bureau Auto Ins. Co.*, 139 W.Va. 475, 80 S.E.2d 424 (1954).

3. Typical of these cases in addition to those cited, *infra*, are: *Fischer v. Aetna Ins. Co.*, 65 Misc.2d 191, 317 N.Y.S.2d 669 (Sup.1971); *Ostendorf v. Arrow Ins. Co.*, 288 Minn. 491, 182 N.W.2d 190 (1970); *Allstate Ins. Co. v. Horn*, 24 Ill.App.3d 583, 321 N.E.2d 285 (1974); *Rice*

not find the terms used to be ambiguous. While some difficulty may be experienced in a given case in deciding whether the facts of that case bring it within "occupancy" as defined by the policy, that does not mean that "occupancy" itself (as defined) is ambiguous. The words employed are commonly used and understood, and are to be applied as commonly understood.

Farmers contends that Hammett was "upon" the vehicle because it struck him. We do not believe the word "upon" can be stretched that far. To do so would mean anyone who is struck by a vehicle would be an "occupant" regardless of his status. We find no cases in the second category which have held that the "upon" requirement is met where the claimant was not in contact with the vehicle immediately prior to the accident.

■ Farmers alternatively contends that Hammett was "entering into" the vehicle when the accident occurred. We think not. We accept the defendant's contention that each of the descriptive phrases covers a different situation, although a given situation could encompass two or even three of the phrases. For instance a person may be "entering into" a vehicle and be in a position where he is both "in" and "upon" the vehicle also. We believe, therefore, that "entering into" a vehicle does not require that the injured party be in direct physical contact with the vehicle or that he have actually placed a portion of his body in the vehicle. Rather he must have reached such a position that his activity is that of entering the vehicle. We distinguish this from approaching a vehicle with the intention of entering. The difference is illustrated in two cases, one imposing liability and the other denying liability. In *Goodwin v. Lumbermen's Mut. Cas. Co.*, 199 Md. 121, 85 A.2d 759 (1952) the injured persons were

waiting next to the vehicle for the door to be opened so they could enter. Some of the injured persons were in contact with the vehicle, but at least one was in a position where she was waiting to effect entry. It was held the injured persons were "entering" the vehicle. *See also Carter v. Travelers Indemnity Co.*, 146 So.2d 257 (La.App. 1962). In *New Amsterdam Casualty v. Fromer*, 75 A.2d 645 (D.C.App.1950), on the other hand, the claimant was in close proximity to the vehicle but was still approaching and was not yet in a position to effect entry. There it was held claimant was not "entering" the vehicle. *See also Jarvis v. Pennsylvania Threshermen and Farmers' Mutual Casualty Ins. Co.*, 244 N.C. 691, 94 S.E.2d 843 (1956); *Ross v. Protective Indemnity Co.*, 135 Conn. 150, 62 A.2d 340 (1948). Here we find that Hammett was approaching the vehicle with an intent to enter, but had not yet reached a point where he was actually entering the vehicle.

Defendant contends that "entering into" and "alighting from" are opposites and therefore the cases interpreting the latter phrase should also be considered. We do not believe the two phrases are necessarily opposites. However, we find no cases in the "alighting from" category which are inconsistent with our conclusion. Two of the purported "alighting from" cases[4] involve accidents where the deceased was clearly occupying the car at the time of the accident, and died after escaping the vehicle, in one case from drowning and in the other from exposure and frostbite. While the courts discuss "alighting from" we believe those cases are really proximate cause cases—did the accident cause the death. Other "alighting from" cases involve circumstances in which the passenger or driver had left the vehicle and was injured while reaching a place of safety.[5] The

v. Allstate Ins. Co., 32 N.Y.2d 6, 342 N.Y.S.2d 845, 295 N.E.2d 647 (1973).

4. *Nelson v. Iowa Mutual Ins. Co.*, 163 Mont. 82, 515 P.2d 362 (1973); *Mattia v. Springfield Fire and Marine Ins. Co.*, 25 Pa.D. & C.2d 149 (1961).

5. *Whitmire v. Nationwide Mutual Ins. Co.*, 254 S.C. 184, 174 S.E.2d 391 (1970); *St. Paul-Mercury Indemnity Co. v. Broyles*, 230 Miss. 45, 92 So.2d 252 (1957); *Katz v. Ocean Accident and Guarantee Corp.*, 202 Misc. 745, 112 N.Y.S.2d 737 (Sup.1952); Contra: *Carta v. Providence Washington Indemnity Co.*, 143 Conn. 372, 122 A.2d 734 (1956).

courts in those cases considered the alighting to have continued until that place of safety was reached. We do not consider those cases contrary to our conclusion here.

Judgment affirmed.

CLEMENS, P. J., and McMILLIAN, J., concur.