**Paul REAVES, Appellant,**

v.

**FARM BUREAU, TOWN & COUNTRY INSURANCE COMPANY OF MISSOURI, Respondent.**

**No. WD 37063.**

Missouri Court of Appeals, Western District.

March 18, 1986.

S.W.2d 510, 513 (Mo.App.1981).

Vincent F. Igoe, Jr. and Patricia L. Hughes (Hale, Kincaid, Waters & Allen, of counsel), Liberty, for appellant.

Phillip S. Smith (Morris & Foust, of counsel), Kansas City, for respondent.

Before PRITCHARD, P.J., SHANGLER, J., and MARTIN, Special Judge.

PRITCHARD, Presiding Judge.

The issue here is whether, under the facts and a policy provision, Paul Reaves was covered under an uninsured motorist provision of respondent's policy of automobile insurance issued to Russell and Janane Brink, on a 1967 Ford pickup which Reaves had borrowed from them.

The facts were stipulated. The Brinks manage and reside at the Liberty Village Mobile Home Park at the junction of Highways 33 and 69 in Liberty, Missouri. Reaves resided with the Brinks but was not their relative. On December 2, 1983, Reaves was using the 1967 Ford pickup with Brinks' permission, and in the late night hours of that day, just south of the intersection of Highways 169 and 291, it became inoperable despite Reaves' attempts to repair it. Reaves then decided to walk to what he thought was the nearest pay telephone to call the Brinks for help. He walked south on 169 Highway to 108th Street, along which he proceeded to North Oak Trafficway on which he continued south. About two miles from the point where the pickup broke down, Reaves was hit and injured, as he was walking, by a 1978 Dodge Colt, being driven by Rhonda Hunter, who was uninsured at the time.

Respondent's policy issued to the Brinks provided coverage for "II—Automobile Liability Insurance (bodily injury and property damage liability for other persons) and defined as persons insured in paragraph 4.(a)(2) any other person using such automobile with the permission of the named insured or his spouse, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, and * * *."

■ Under Section IV of the policy, "Uninsured Motorists Insurance", paragraph 2. " 'Insured' means: (a) The named insured, his spouse and any relative; (b) Any other person while occupying an insured automobile; * * *." Under Section I, Definitions, "7. Occupuying-means in or upon, entering into or alighting from."

An identical provision to paragraph 2.(b) above was construed in *State Farm Mutual Automobile Insurance Co. v. Farmers Insurance Co.*, 569 S.W.2d 384, 385[1] (Mo. App.1978). It was there said, "In all of the cases with which we are concerned, the claimant has left the driver or passenger section of the vehicle and is injured while in some reasonably close proximity to the vehicle. The first category of cases are those in which the reason for leaving the vehicle and the claimant's activities after leaving the vehicle are directly related to the insured vehicle itself." The State Farm case held that there was no uninsured motorist coverage because his reason for leaving the vehicle to assist another motorist was unrelated to the vehicle itself, the facts falling in the second category.

Each of the cases cited in footnote 2 has been examined, and in each the claimant was in close proximity to the insured vehicle at the time of injury, as the State Farm court says.

In *Wolf v. American Cas. Co. of Reading, Pa.*, 2 Ill.App.2d 124, 118 N.E.2d 777 (1954), a medical expense payment case, insured was out of his automobile, which was involved in a collision, to exchange information at the curb with the driver of the other vehicle when he was struck by a third vehicle, while reaching for a pencil in his own car. In *Motor Vehicle Accident Indemnification Corp. v. Oppedisano*, 41 Misc.2d 1029, 246 N.Y.S.2d 879 (N.Y.Sup.

1964), insured was out of his vehicle attempting to release it after he had skidded into high snow, when he was struck by an unidentified hit-and-run driver. In *Lokos v. New Amsterdam Casualty Co.*, 197 Misc. 40, 93 N.Y.S.2d 825 (N.Y.Mun.Ct.1949), insured driver had made an emergency stop to tie on a bumper which had fallen to the pavement. As he leaned over the automobile with the bumper in his hands, he was injured. Held, that he was "upon" the car so that medical payments were payable. Another medical payments provision was held applicable in *Christoffer v. Hartford Accident & Indemnity Co.*, 123 Cal.App.2d Supp. 979, 267 P.2d 887 (1954), where insured (a permissive user) was struck by an automobile while changing a wheel on the covered vehicle, being in contact with it. The last case cited in *State Farm*, supra, is *Green v. Farm Bureau Mut. Auto. Ins. Co.*, 139 W.Va. 475, 80 S.E.2d 424 (1954), holding that a medical payment provision did not extend to an insured who was changing a tire and the automobile jack slipped and fell on his arm.

In this case, Reaves' injury did not occur while he was in proximity with the stalled insured automobile. Although it could be said that his reason for leaving the vehicle was directly related to its breakdown, and for the purpose of securing help, his occupancy of it had ceased. He was two miles away when he was struck by the uninsured vehicle, an incident entirely unrelated to his previous occupancy or use of the broken-down Ford pickup.

■ In Point II, Reaves contends that the general liability provision of the policy covering one's negligence in using the vehicle is broader than the uninsured motorist provision on the "occupancy" of the vehicle, and thus the latter is in violation of the uninsured motorist statute, § 379.203 RSMo 1978, and is therefore void. He relies upon *Oberkramer v. Reliance Insurance Company*, 650 S.W.2d 300 (Mo.App. 1983), where a police officer used his police car as a road block, then left it, and was struck and killed at that scene by an uninsured motorist. It was held that he was using the vehicle within the terms of the uninsured motorist statute. That case is inapposite on its facts. Here, Reaves was not using the Ford pickup at the time he was struck as a pedestrian two miles away from it. If some act of negligence concerning the use of the pickup had occurred at the scene of its breakdown, which would have entitled the uninsured motorist to sue Reaves, the uninsured motorist provision of the policy would have been applicable. But that is not the fact. Any act of negligence occurring at the scene of Reaves' injury could not have involved the use of the pickup—it would have been only a personal act of negligence, not entitling the uninsured motorist to sue Reaves and collect on the policy. This matter was considered in *Waltz v. Cameron Mutual Insurance Co.*, 526 S.W.2d 340, 341 (Mo.App.1975), where the uninsured motorist provision of the policy specified as "insured" " 'the first named natural person and not a corporation, firm or partnership, and, while residents of the same household, the spouse of the first named natural person and the relatives of either.' " Plaintiff was not a person named in the uninsured motorist clause, but was a mere passenger riding in the insured vehicle at the time of her injury caused by an uninsured motorist. She contended, however, that the uninsured motorist provision of the policy violated § 379.-203, since it did not include all persons using the automobile with permission as provided in the general liability provision. The court held that plaintiff would not be afforded coverage under the liability portion of the policy because she (being a mere occupant) was not using the automobile within the meaning of that term under the liability section. The court noted that the uninsured motorist could not fasten liability upon plaintiff as a user when she was but a passenger. That situation controls here.

The judgment is affirmed.

All concur.