750 P.2d 1105

ALLSTATE INSURANCE COMPANY,
Plaintiff–Appellant,

v.

Brenda GRAHAM, Individually and as Next Friend of Patches R. Graham, a minor, Defendant–Appellee.

No. 16943.

Supreme Court of New Mexico.

March 2, 1988.

Farlow, Simone, Roberts & Weiss, LeRoi Farlow, Norman Weiss, Albuquerque, for plaintiff-appellant.

Bruce P. Moore, Albuquerque, for defendant-appellee.

OPINION

STOWERS, Justice.

Plaintiff-appellant Allstate Insurance Company (Allstate) appeals from a summary judgment entered in favor of defendant-appellee Brenda Graham (Graham). We reverse.

On September 13, 1985, Graham drove her father's 1976 Ford to assist her friend, Pearl Silva (Silva), with a blow-out to one of the tires on Silva's car. Patches Graham, Graham's daughter, accompanied Graham to assist Silva. After Silva's spare tire was repaired at a nearby garage, Graham, Patches, and Silva drove back in the 1976 Ford to where Silva's car was parked off the side of the road. Graham parked her father's 1976 Ford approximately three feet in front of Silva's car. Graham removed Silva's spare tire from the trunk of the 1976 Ford and took it back to Silva's car. Graham then proceeded to remove the lugs on the left rear wheel of Silva's car in the process of changing that tire. Patches was standing near her mother. Silva was standing near the driver's door to her car. Graham had removed three lugs when the accident occurred. The accident was caused by another car which ran off the side of the road striking Silva's car, resulting in injury to Graham and Patches. The car that caused the accident was uninsured. Silva's car was also uninsured. Graham's father's car, the 1976 Ford, was insured with Allstate.

Allstate filed a complaint for declaratory judgment contending that Graham, a permissive driver of the 1976 Ford, was not an occupant of the car within the meaning of the policy at the time of the accident and, therefore, was not covered under the uninsured motorist provision of the policy. Allstate and Graham each filed motions for summary judgment. After hearing argument of counsel on the motions, the district court denied Allstate's motion for summary judgment and granted Graham's. Allstate appeals from that judgment.

The Allstate insurance policy provides coverage under "Section II, Protection Against Bodily Injury And Property Damage By Uninsured Motor Vehicles" to:

(a) the named insured as stated in the policy and, while residents of the same household, the spouse of any such named insured and relatives of either;

(b) any other person while occupying an insured motor vehicle; and

(c) any person with respect to damages he is entitled to recover because of bodily injury to which this coverage applies sustained by an insured under (a) or (b) above.

The term "occupying" as used in subsection (b) above is defined in subsection 5, page 5, of the Allstate policy as follows: " 'Occupying' means in or upon or entering into or alighting from." Since Graham concedes that she is entitled to coverage only under subsection (b), the sole issue on appeal is the construction of the term "occupying" as defined by the Allstate policy for the purpose of the uninsured motorist provision.

While it appears that this is a case of first impression in New Mexico, other jurisdictions have developed certain guidelines for determining the parameters of the term "occupying" as it refers to an uninsured motorist provision. In some cases, the distance in space or time the claimant is from the car is the controlling factor. In *Greer v. Kenilworth Insurance Co.,* 60 Ill.App.3d 22, 17 Ill.Dec. 347, 376 N.E.2d 346 (1978), the court held that a claimant standing ten to fifteen feet to the rear of the insured car when she was struck by an uninsured motorist was not "occupying" the insured car at the time of the accident and, therefore, not an insured under the policy and not within the uninsured motorist coverage. *Cf. Day v. Coca–Cola Bottling Co.,* 420 So.2d 518 (La.App.1982). In other cases, the test is the intent of the claimant or the reasonable connection between the claimant and the insured vehicle at the time of the accident. For instance, a claimant's assistance in putting tire chains on the insured car at the time of the accident was held to be an activity in such close proximity to the car and so related to its operation and use as to be an integral part of the claimant's occupancy and use of the car. The court held, therefore, that the claimant's activity fell within the definition of

"occupying" the vehicle under the insurance policy. *Manning v. Summit Home Ins. Co.,* 128 Ariz. 79, 623 P.2d 1235 (Ct. App.1980). *Cf. Hite v. Hartford Accident & Indem. Co.,* 288 S.C. 616, 344 S.E.2d 173 (Ct.App.1986).

Graham argues that Allstate's narrow interpretation of "occupying" disregards the scope and purpose of New Mexico's Uninsured Motorists' Insurance Statute, NMSA 1978, §§ 66–5–301 to –303 (Repl. Pamp.1984), that purpose being "to compensate those persons injured through no fault of their own." *State Farm Auto. Ins. Co. v. Kiehne,* 97 N.M. 470, 471, 641 P.2d 501, 502 (1982). Graham further contends that the term "occupying" and the words used in the Allstate policy to define it are ambiguous and, therefore, the Court should construe the ambiguous policy language liberally in favor of Graham.

First, we do not agree that Allstate's interpretation of the policy term "occupying" conflicts with the purpose of New Mexico's Uninsured Motorists' Insurance Statute. Second, we do not find the Allstate policy language to be ambiguous. We hold that Graham was simply not engaged in a transaction oriented to the use of the 1976 Ford at the time of the accident. The purpose of using the 1976 Ford, to deliver Silva's repaired spare tire, was accomplished when Graham parked her father's car. Fixing the flat tire on Silva's car was in no way related to the occupancy or use of the 1976 Ford.

"Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Koenig v. Perez,* 104 N.M. 664, 665, 726 P.2d 341, 342 (1986). "If the facts are not in dispute, but only the legal effect of the facts is presented for determination, then summary judgment may be properly granted." *Id.* at 666, 726 P.2d at 343.

The facts are not in dispute in the case before us. Therefore, summary judgment is proper. However, because we find that the district court erred in its application of

the correct law, we reverse and grant summary judgment to Allstate.

The parties will each bear their own costs and attorneys' fees on appeal.

IT IS SO ORDERED.

SCARBOROUGH, C.J., and RANSOM, J., concur.