977 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellee,
v.
Delores RIOS, Defendant-Appellant.
 No. 91-15965.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 16, 1992.
Decided Sept. 30, 1992.
 
 Before WALLACE, SCHROEDER and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant-appellant Delores Rios filed a claim with plaintiff-appellee State Farm Mutual seeking compensation for injuries she sustained when she was struck by an underinsured car as she was about to enter a friend's car through the passenger-side door. The friend's car was insured by State Farm. State Farm brought this action in the district court requesting a declaration that Rios was not covered under the uninsured motorist coverage of the friend's policy. The district court granted State Farm's motion for summary judgment. Rios appeals.
 
 
 3
 For the purposes of this disposition we assume the facts to be as Rios alleges. According to Rios, she was struck by an underinsured motorist as she was moving along the side of a car insured by State Farm. She was close enough to the door of the car to reach out and grasp the handle, but still a pace or two from the spot where she would normally begin the process of entering. Rios intended to enter the car but would or could not do so until (a) the door had been unlocked and (b) she had moved past the door to a position from which she could conveniently open it.
 
 
 4
 Assuming these facts, the question before this court is whether Rios was "entering" the insured's car within the meaning of the State Farm Mutual policy's language at the time she was struck. Both sides acknowledge that the district court, in the absence of directly controlling Nevada law, appropriately looked to the test established in State Farm Mut. Auto. Ins. v. Farmers Ins., 569 S.W.2d 384 (Mo.App.1978) (Farmers). According to that test, while the person claiming coverage need not be in direct contact with the vehicle in order to be "entering" it, "he must have reached such a position that his activity is that of entering the vehicle." 569 S.W.2d at 386. Since, at the time of the injury in this case Rios had not yet reached the position at which she had only to open the door, her activity was not that of entering the car. She was still approaching it.
 
 
 5
 The same outcome would be reached under the test applied in Goodwin v. Lumbermens Mut. Cas. Co., 85 A.2d 759 (Md.1952), a case upon which the Farmers court relied and which Rios urges is controlling. Under that test, if the injured person is "in the process of getting in the car so far as [she is] able under the circumstances," 85 A.2d at 764, then she should be considered in the process of entering. It is possible that Rios would have been covered under this test if she had already reached the position from which she would normally begin the process of entering the car and had only to wait for the door to be unlocked. Rios admits that she was not yet in that position.
 
 
 6
 The district court's decision is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3