GENERAL ACCIDENT INSURANCE
COMPANY OF AMERICA

v.

Jean D'ALESSANDRO.

No. 94–320–Appeal.

Supreme Court of Rhode Island.

March 11, 1996.

---

**1234**

C. Russell Bengtson, Patricia A. Buckley, Providence, for Plaintiff.

Charles D. Wick, Providence, for Defendant.

## OPINION

LEDERBERG, Justice.

This matter came before the Supreme Court on the appeal of the defendant, Jean D'Alessandro (D'Alessandro), from an order of the Superior Court that granted the motion for summary judgment of the plaintiff, General Accident Insurance Company of America (General Accident). The case was brought before the Superior Court on General Accident's complaint for declaratory judgment that D'Alessandro is barred from recovery under an insurance policy issued by General Accident. For the reasons discussed below, we sustain D'Alessandro's appeal and reverse the judgment of the Superior Court.

### Facts and Procedural History

On October 17, 1991, D'Alessandro was driving her 1987 Ford Thunderbird on a ramp leading onto Route 114 South in East Providence, Rhode Island, when she was forced to stop because of a noise coming from beneath the vehicle. D'Alessandro looked beneath the car but was unable to determine the source of the sound. She reentered her car and continued to drive on the ramp to the highway. Hearing the noise once again, D'Alessandro pulled over into the breakdown lane of the highway, left her vehicle, and began walking on the ramp, at which time a State Police officer stopped to render assistance and took D'Alessandro back to her car. The officer parked his vehicle behind D'Alessandro's, and D'Alessandro returned to her car. After attempting to drive her vehicle again but finding herself thwarted by the same noise she had heard before, D'Alessandro waited in the police cruiser for a tow truck to arrive.

While D'Alessandro waited in the officer's vehicle, an uninsured motorist collided with the police cruiser. As a result of the collision, D'Alessandro and the officer were injured. The State Police cruiser was insured for $50,000 against uninsured motorists. D'Alessandro has received $25,000 under that policy, and the police officer received $25,000.

At the time of the accident D'Alessandro's vehicle was not insured. She was residing with her parents, Jesse and Joan Perry (the Perrys), who did maintain an insurance policy with General Accident for their own car. The policy provided uninsured-motorist coverage for the Perrys and for "any family member," defined in the policy as "a person related * * * by blood, marriage or adoption who is a resident of [the insured's] household." The policy's uninsured-motorist-coverage provision contained several exclusions, however, one of which read as follows:

"We do not provide Uninsured Motorist Coverage for 'bodily injury' sustained by any person:

1. While 'occupying,' or when struck by, any motor vehicle owned by you or any 'family member' which is not insured for this coverage under this policy."

The policy defines the term "occupying" as "in, upon, getting in, on, out or off."

D'Alessandro claimed coverage under the uninsured-motorist-coverage provision of her parents' policy for the cost of her injuries, minus the $25,000 she received under the

policy on the police cruiser. On December 7, 1993, after receiving D'Alessandro's claim, General Accident filed a complaint for declaratory judgment in the Superior Court. The Superior Court granted summary judgment in favor of General Accident on April 8, 1994. D'Alessandro filed a timely notice of appeal on April 15, 1994, and on November 30, 1994, after a prebriefing conference before a single justice of this Court, the case was ordered to the regular calendar for full briefing and argument.

## Analysis

General Accident argued that it justifiably denied D'Alessandro's claim on the basis of the insurance policy's exclusion from coverage of anyone injured while "occupying" an uninsured vehicle belonging to an insured or a "family member" of an insured. According to General Accident, D'Alessandro was "occupying" her uninsured vehicle at the time of the accident and thus is not entitled to coverage. In support of its position, General Accident cited this Court's interpretation of the term "occupying" in the case *General Accident Insurance Company of America v. Olivier*, 574 A.2d 1240 (R.I.1990).

In *Olivier*, a police officer, responding to a call to an automobile accident, asked a passenger in one of the vehicles to wait in the officer's car. Before the passenger reached the police cruiser, however, she was shot and killed by the driver of the other vehicle. The insurer denied coverage because it did not consider the decedent to be "occupying" the vehicle in which she had been traveling prior to the accident. We disagreed and held that the decedent was occupying, within the meaning of the policy, the insured vehicle at the time of the accident.

In concluding that the decedent in *Olivier* was entitled to coverage under the policy, we set forth four factors to be considered in assessing whether an insured is "occupying" a vehicle when an accident occurs: (1) the causal relation between the injury and the use of the vehicle; (2) the geographic proximity of the injured party to the vehicle, "although the person need not be actually touching it," (3) the question of whether the person is "vehicle oriented" at the time of the accident, "rather than highway or sidewalk oriented;" and (4) the question of whether the person is "engaged in a transaction essential to the use of the vehicle at the time" of the accident. *Id.* at 1241 (quoting *Utica Mutual Insurance Co. v. Contrisciane*, 504 Pa. 328, 473 A.2d 1005 (1984)).

In the case at bar, we are of the opinion that D'Alessandro was not "occupying" her uninsured Ford Thunderbird at the time of her injury, at which point she was actually seated in a different vehicle, namely, the police cruiser. Having determined that D'Alessandro was "occupying" the police cruiser and not her own vehicle at the time of her injury, we need not apply the *Olivier* criteria to assess whether she was occupying her own vehicle because clearly it would be impossible for D'Alessandro to "occupy" two vehicles simultaneously.

In interpreting the contractual language of an insurance policy, "[we give] the language used in the policy * * * its plain, ordinary, and usual meaning." *Malo v. Aetna Casualty and Surety Co.*, 459 A.2d 954, 956 (R.I. 1983). Unlike the decedent in *Olivier*, D'Alessandro was actually seated in another vehicle at the time of the accident. Therefore, in accordance with the policy's definition of the term "occupying," we conclude that D'Alessandro was not "in, upon, getting in, on, out or off" her uninsured vehicle.

Our holding is consistent with the intent of the Legislature in promulgating the uninsured-motorist-coverage statute, G.L.1956 (1994 Reenactment) § 27–7–2.1, namely, that

> "as a matter of public policy, protection should be given the named insured in such policies against economic loss resulting from injuries sustained by reason of the negligent operation of uninsured motor vehicles or hit-and-run motor vehicles." *Malo*, 459 A.2d at 956 (quoting *Aldcroft v. Fidelity and Casualty Co. of New York*, 106 R.I. 311, 318, 259 A.2d 408, 413 (1969)).

As a "family member" in her insured parents' household, D'Alessandro is entitled to uninsured-motorist coverage under her parents' policy with General Accident. Our holding in *Olivier* does not bar recovery in this case because the policy's exclusion is

inapplicable and the claimant was engaged in a lawful use of an insured vehicle that was not owned by her.

Therefore, D'Alessandro's appeal is sustained, and the summary judgment entered in favor of General Accident is reversed. The papers in the case may be returned to the Superior Court.