2001-NMCA-038

28 P.3d 527

Adam CUEVAS, Plaintiff–Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
Defendant–Appellee,

v.

Adam Cuevas, Counter–Defendant,

and

Richard Almanza, Third Party Defendant.

No. 20,571.

Court of Appeals of New Mexico.

May 14, 2001.

Allan L. Wainwright, Law Offices of Allan L. Wainwright, P.A., Albuquerque, NM, for Appellant.

Leonard J. Piazza, Thomas A. Sandenaw, Jr., Sandenaw, Carrillo & Piazza, P.C., Las Cruces, NM, for Appellee.

*OPINION*

WECHSLER, Judge.

{1} Plaintiff Adam Cuevas appeals from the trial court's summary judgment in favor of State Farm Mutual Automobile Ins. Co. (State Farm). At issue is whether the trial court properly granted summary judgment based on its determination that Plaintiff was not "occupying" the insured vehicle at the time of the accident. We reverse the trial court's grant of summary judgment in favor

of State Farm and remand with instructions to enter summary judgment in favor of Plaintiff.

*Facts and Procedural Status*

{2} The parties stipulated to the undisputed facts. Richard Almanza owned a 1975 Monte Carlo (insured car) which he insured with State Farm. On April 18, 1993, between 1:00 a.m. and 2:00 a.m., Plaintiff was driving the insured car with Almanza's permission. The tire on the driver's front side of the insured car became flat. Plaintiff parked it on the side of the highway. The insured car did not have a spare tire. Magdeleno Varela was driving by the scene in a 1985 Chevrolet pick-up truck and stopped to offer assistance. Plaintiff got into the truck, and Varela drove Plaintiff to Plaintiff's mother's house to get a spare tire.

{3} Plaintiff and Varela then returned to the location where the insured car was parked. Varela parked his truck in front of the insured car to use the truck's headlights to light the area where the tire was to be changed. Plaintiff got out of the truck and walked to the side of the truck closest to the highway to retrieve the spare tire from the back of the truck. When Plaintiff was reaching into the back of the truck to get the spare tire to replace the flat tire on the insured car, a vehicle driven by an uninsured motorist struck him. At the moment he was struck, Plaintiff was six to eight feet from the front end of the insured car. Plaintiff suffered injuries and incurred medical bills as a result of the accident.

{4} State Farm's insurance policy for the insured car had uninsured and unknown motorist coverage. The policy provides, in pertinent part, that State Farm "will pay damages for bodily injury or property damage an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle." (Emphasis omitted.) The policy defines an insured as "the person or persons covered by uninsured and unknown motorists coverage." (Emphasis omitted.) This definition includes as an insured "any other person while occupying ... your car ... [when the] vehicle [is] used within the scope of the consent." (Emphasis omitted.) The policy also states that "[o]ccupying-means in, on, entering or alighting from." (Emphasis omitted.) The issue in this case is whether Plaintiff was "occupying" the insured car at the time of the accident and thereby entitled to uninsured motorist coverage.

{5} Both parties moved for summary judgment. The trial court denied Plaintiff's motion and entered summary judgment in favor of State Farm. The trial court reasoned that a person cannot occupy more than one vehicle at a time, and that if Plaintiff was occupying any vehicle at the time of the accident, it was the truck and not the insured car. The trial court stated that at the time of the accident, Plaintiff was " 'transaction oriented' to the use of the [truck]" and that Plaintiff severed his occupancy of the insured car when he left it on the highway and went to get a spare tire.

*Standard for Summary Judgment*

{6} Summary judgment is proper if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Roth v. Thompson,* 113 N.M. 331, 334, 825 P.2d 1241, 1244 (1992). "If the facts are not in dispute, but only the legal effect of the facts is presented for determination, then summary judgment may properly be granted." *Koenig v. Perez,* 104 N.M. 664, 666, 726 P.2d 341, 343 (1986). When all of the facts are stipulated, and only a question of law remains, we address the issue de novo. *Garcia v. Gen. Elec.,* 1999–NMCA–139, ¶5, 128 N.M. 291, 992 P.2d 304. In addition, "[w]here cross-motions for summary judgment are presented on the basis of a common legal issue, this Court may reverse both the grant of one party's motion and the denial of the opposing party's cross-motion and award judgment on the cross-motion." *Grisham v. Allstate Ins. Co.,* 1999–NMCA–153, ¶2, 128 N.M. 340, 992 P.2d 891.

*Occupying the Insured Car*

{7} There has been extensive litigation concerning the meaning of the term of "occupying" an insured vehicle so as to trigger uninsured motorist coverage. *Utica Mut. Ins. Co. v. Contrisciane,* 504 Pa. 328, 473 A.2d 1005, 1008 (1984) (*Utica*). State courts

have followed two basic approaches. *Id.* (outlining the two approaches used to interpret the definition of "occupying" and referring to cases adopting the respective approaches).

{8} The first approach is a literal approach, under which a person cannot be "occupying" a vehicle unless the person, or a part of the person, is inside or in physical contact with the vehicle. *Id.* The second approach, adopted in the majority of jurisdictions, is broader and is concerned with whether "the person claiming benefits was performing an act (or acts) which is (are) normally associated with the immediate 'use' of the [vehicle]." *Id.* at 1009. According to *Utica,* a court applying the majority approach should consider whether (1) there is a causal relationship between the injury and the vehicle; (2) there is a geographical proximity between the person and the vehicle; (3) the person was oriented to the vehicle; and (4) the person was engaging "in a transaction essential to the use of the vehicle at the time." *Id.; see generally* Jonathan M. Purver, Annotation, *Automobile Insurance: When Is a Person "Occupying" an Automobile Within Meaning of Medical Payments Provision,* 42 A.L.R.3d 501 (1972 & Supp. 2000). Of particular importance to whether a claimant is "occupying" a vehicle under the majority approach is whether the claimant's activities at the time of injury are in close proximity to the car and whether those activities are related to the operation and use of the car. *Manning v. Summit Home Ins. Co.,* 128 Ariz. 79, 623 P.2d 1235, 1239 (Ct. App.1980) (holding that the word "upon" in the definition of "occupying" covered a situation in which a passenger was injured while standing next to the vehicle waiting to assist the driver with snow chains).

{9} Our Supreme Court adopted a transaction-oriented test in *Allstate Ins. Co. v. Graham,* 106 N.M. 779, 780, 750 P.2d 1105, 1106 (1988). In *Graham,* the plaintiff drove her father's insured vehicle to help a friend with a flat tire on the friend's vehicle. *Id.* at 779, 750 P.2d at 1105. The plaintiff parked her father's insured vehicle approximately three feet in front of her friend's car, removed a spare tire from the trunk of the insured

vehicle, and took the tire back to her friend's car. *Id.* The plaintiff proceeded to remove the lugs of the left rear wheel of her friend's car. *Id.* While she was in the process of changing the tire, an uninsured motorist ran off the side of the road and struck the friend's car, resulting in injury to the plaintiff. *Id.*

{10} In *Graham,* the Supreme Court reasoned that the purpose behind the use of the insured vehicle was to deliver the friend's repaired spare tire. *Id.* at 780, 750 P.2d at 1106. The Court explained that such purpose was accomplished when the plaintiff arrived with the spare tire and parked the insured vehicle. *Id.* Although the plaintiff was not located a long distance from the insured vehicle at the time of the accident, the Court noted that "[f]ixing the flat tire on [the friend's] car was in no way related to the occupancy or use of the [insured vehicle]." *Id.* The Court stated that the plaintiff "was simply not engaged in a transaction oriented to the use of the [insured vehicle] at the time of the accident." *Id.* Accordingly, the Court held that the plaintiff was not "occupying" the insured automobile at the time of accident for purposes of the uninsured motorist provision. *Id.*

{11} In adopting a "transaction-oriented" approach, our Supreme Court in *Graham* cited cases from other jurisdictions that discussed factors such as the distance in space or time between the claimant and the insured vehicle, the intent of the claimant, and the "connection between the claimant and the insured vehicle at the time of the accident." *Id.* We believe the factors listed in *Graham* closely resemble the factors set forth in *Utica* describing the majority approach to the question of the meaning of "occupying" an insured vehicle for the purpose of uninsured motorists coverage. *Utica,* 473 A.2d at 1009 (stating the factors utilized by the majority of jurisdictions as causal relationship between injury and use of vehicle, proximity, orientation of the claimant to the vehicle or the highway, and whether claimant was engaged in a transaction essential to the use of the vehicle); *see also Tata v. Nichols,* 848 S.W.2d 649, 652 (Tenn.1993) (discussing and applying *Utica* factors); *Renfro v. Doe,* 979

S.W.2d 311, 312 (Tenn.Ct.App.1998) (recognizing *Utica* factors); *Rau v. Liberty Mut. Ins. Co.,* 21 Wash.App. 326, 585 P.2d 157, 162 (1978) (applying same factors as *Utica* ).

{12} Applying *Graham* and the considerations presented in *Utica* to the case on appeal, we conclude that Plaintiff was occupying the insured car at the time of the accident. First, Plaintiff was engaged in a transaction related to the use of the insured car. *See Graham,* 106 N.M. at 780, 750 P.2d at 1106 (stating that plaintiff was not occupying vehicle because plaintiff "was simply not engaged in a transaction oriented to the use of" the insured vehicle). Contrary to *Graham* in which the plaintiff was acting to repair another car, in the case on appeal, Plaintiff was engaged in repairing the insured car at the time of the accident. Plaintiff's use of the insured car and his actions in repairing the insured car so that he could again use it precipitated the accident. Second, although Plaintiff had to briefly leave the location in order to retrieve a spare tire, at the time of the accident, Plaintiff returned to within a close proximity of the insured car. *Utica,* 473 A.2d at 1009 (stating that proximity is a factor for consideration); *see also Manning,* 623 P.2d at 1239 (applying factors of relatedness of activities to use of the vehicle and proximity of claimant to the vehicle). Plaintiff was located less than ten feet from the insured car when he was struck by the uninsured motorist. *See Hite v. Hartford Accident & Indem. Co.,* 288 S.C. 616, 344 S.E.2d 173, 177 (Ct.App.1986) (holding that accident involving claimant who was struck fifty feet from the insured vehicle was not an occurrence "forseeably identifiable with normal use, maintenance and ownership of the vehicle"); *Allied Mut. Ins. Co. v. Western Nat'l Mut. Ins. Co.,* 552 N.W.2d 561, 563 (Minn.1996) (holding that claimant was not occupying vehicle because she was not in or getting into vehicle and "had no immediate expectation of occupying the [vehicle]").

{13} Third, there was no "intervening cause wholly disassociated from, independent of or remote from the use" of the insured car that would break a causal connection between Plaintiff and the insured car at the time of accident. *Hite,* 344 S.E.2d at 176.

Rather, Plaintiff's activities at the time of the accident were directly related to repairing the insured car and continuing the use of the car. *See Graham,* 106 N.M. at 780, 750 P.2d at 1106. At the time of the accident, Plaintiff was retrieving the tire to put on the insured car to enable him to drive it. Both Plaintiff's intention and physical actions were engaged in a transaction essential to the use of the vehicle. *See Manning,* 623 P.2d at 1239 (stating that intention alone would be insufficient to create coverage). Although Plaintiff was not touching the vehicle, not only was he in close proximity to it at the time of the accident, but his actions were also focused on his continued use of the vehicle. *Klein v. United States Fid. & Guar. Co.,* 451 N.W.2d 901, 904 (Minn.Ct.App.1990) (stating that because driver got out of his vehicle to change a flat tire in order to resume his trip, a continuing relationship existed between the driver and his vehicle); *see also Horace Mann Ins. Co. v. Neuville,* 465 N.W.2d 432, 434 (Minn.Ct.App.1991) (holding that the continuing relationship between claimant and his car satisfied the definition of "occupying"). As a result, Plaintiff had not severed his relationship with the insured car and was engaged in a transaction oriented to it at the time of the accident.

{14} Referring to *General Accident Insurance Co. v. D'Alessandro,* 671 A.2d 1233, 1235 (R.I.1996), the trial court determined that Plaintiff was "transaction-oriented" to the truck and therefore was occupying the truck and could not also be occupying the insured car. The court in *D'Alessandro* held that it was impossible for a person to occupy two vehicles at one time, and therefore declined to consider the four-factor *Utica* test to determine occupancy. *Id.* The claimant in *D'Alessandro* was seated in another vehicle when injured. *Id.*

{15} We do not agree that mutual exclusivity has applicability under the circumstances of this case. *See generally Tata,* 848 S.W.2d at 653 (stating that the plaintiff was "upon" each of the two vehicles between which he was standing for purposes of jump starting one of them and thus occupying both of them for purposes of uninsured motorist coverage). The only inquiry relevant to our analysis is

whether Plaintiff was occupying the insured car.

{16} In addition, we decline to make a distinction, in reaching our conclusion, between "using" a vehicle and "occupying" a vehicle as suggested by State Farm. In the present situation, the two terms are interchangeable. State Farm's policy for uninsured and unknown motorist provided coverage for a person "occupying" the insured's car while such vehicle is "used" within the scope of the insured's consent. The transaction-oriented majority approach applied by our Supreme Court examines "occupancy" in the context of whether a person was engaged in a transaction oriented to the use of the vehicle at the time of the accident. *Graham*, 106 N.M. at 780, 750 P.2d at 1106; *see also Rau*, 585 P.2d at 162 (stating that the question of uninsured motorists coverage for an injury occurring while the claimant was outside the vehicle was dependent upon whether the claimant was using vehicle within the purview of the *Utica* factors). We also note that the uninsured motorist statute provides coverage arising out of "the ownership, maintenance or use of a motor vehicle." NMSA 1978, § 66-5-301(A) (1983). We will not construe the insurance policy in a way to provide less coverage than is required by the statute. *See Martinez v. Allstate Ins. Co.*, 1997–NMCA–100, ¶ 14, 124 N.M. 36, 946 P.2d 240 (stating that insurance contracts cannot provide less coverage than a statute requires).

{17} As stated in *Graham*, 106 N.M. at 780, 750 P.2d at 1106, the transaction-oriented majority approach is consistent with New Mexico's Uninsured Motorist Statutes, NMSA 1978, §§ 66–5–301 to 66–5–303 (1969, as amended through 1983), the purpose of which is "to compensate those persons injured through no fault of their own." *State Farm Auto. Ins. Co. v. Kiehne*, 97 N.M. 470, 471, 641 P.2d 501, 502 (1982). This approach rejects any hard and fast rule regarding occupancy, thereby necessitating a case-by-case analysis, depending on the circumstances of the accident and the use of the insured vehicle. *Wickham v. Equity Fire & Cas. Co.*, 889 P.2d 1258, 1261 (Okla.Ct.App. 1994).

*Conclusion*

{18} We reverse the trial court's determination that Plaintiff was not "occupying" the insured car at the time of the accident. Accordingly, we reverse the summary judgment in favor of State Farm and remand with instructions to enter summary judgment in favor of Plaintiff.

{19} IT IS SO ORDERED.

WE CONCUR: A. JOSEPH ALARID, and M. CHRISTINA ARMIJO, JJ.