Justice Flaherty,
concurring.
I am in full agreement with, and heartily join, the conclusion reached by the majority in this case.[1] At the same time, however, I am constrained to express my belief that this Court, and other courts, have struggled to determine whether the facts of each case, including the one before us, fit or can be forced to fit within the four prongs first found to be “persua[sive]” in General Accident Insurance Co. of America v. Olivier, 574 A.2d 1240, 1241 (R.I. 1990). In my opinion, such exercises take on a life of their own and should be abandoned in favor of a simpler approach.
It cannot be gainsaid that, even in the face of a syllogistic prong analysis, the dominant factors in these cases have been considerations of public policy.
In General Accident Insurance Co. of America v. D'Alessandro, 671 A.2d 1233, 1235 (R.I. 1996), while struggling with the definition of “occupying” as limned by contractual language contained in the insurance policy and the Olivier factors, this Court nonetheless sailed through the fog to say “as a matter of public policy, protection should be given the named insured in such policies against economic loss resulting from injuries sustained by reason of the negligent operation of uninsured motor vehicles or hit-and-run motor vehicles.” Id. (quoting Malo v. Aetna Casualty and Surety Co., 459 A.2d 954, 956 (R.I. 1983)).
Very recently, in Jackson v. Quincy Mutual Insurance Co., 159 A.3d 610, 614 (R.I. 2017), the Court said
“[W]here the policy provision under examination relates to the inclusion of persons other than the named insured within the protection afforded, a broad and liberal view is taken of the coverage *1161 extended. But, if the clause in question is one of exclusion or exception, designed to limit the protection, a strict interpretation is applied.” Id. (quoting Peerless Insurance Co. v. Luppe, 118 A.3d 500, 510 (R.I. 2015)).
It could not be clearer that this Court, and many other courts as well, view factual scenarios and insurance contract verbiage through the prism of public policy. That said, in future cases, I would jettison the somewhat unwieldy and difficult to understand Olivier factors in favor of an approach that inquires “under the totality of the circumstances, was the plaintiff sufficiently connected to the motor vehicle to be considered to be occupying it?”[2]
It is my opinion that, after agonizing over the Olivier factors and trying mightily to see which may fit in a given case, courts conclude with decisions that are based primarily on public policy considerations.
That said, I join in the reasoning and conclusion of the majority, confident that, by any standard, it has reached the correct result.

. Although I do not agree with the dissenting justices, I feel compelled to acknowledge their scholarly and well-reasoned opinions in this close and difficult case.

. For instance, how many Olivier factors need a plaintiff overcome? Two? Three? Four weakly but, in the alternative, two strongly?